IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

| | |
|---|---|
| **HLFIP HOLDING, INC. d/b/a SMART COMMUNICATIONS IP HOLDINGS**, <br><br> Plaintiff <br><br> v. <br><br> **YORK COUNTY, PENNSYLVANIA**; **YORK COUNTY PRISON**; and **CLAIR DOLL**, *in his official capacity as York County Prison Warden*, <br><br> Defendants. | CIVIL ACTION NO. _____ <br><br> **JURY TRIAL DEMANDED** |

## **COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff HLFIP Holding, Inc. d/b/a Smart Communications IP Holdings ("Smart Communications IP"), for its complaint for damages and injunctive relief against defendants York County, Pennsylvania ("York County"), York County Prison ("YCP"), and its Warden, Clair Doll, in his official capacity (collectively, "Defendants"), hereby alleges as follows:

## **NATURE OF THE ACTION**

1. This is an action for patent infringement under 35 U.S.C. § 271. Defendants have infringed, continue to infringe, and actively induce the infringement of United States Patent No. 10,291,617 (the "Asserted Patent"). Upon information and belief, Defendants infringe the Asserted Patent through their

implementation and use of a postal-mail-elimination system that is based on Smart Communications IP's patented MailGuard® technology.

## THE PARTIES

2. Plaintiff Smart Communications IP is a Florida corporation having a principal place of business at 10491 72nd Street, Seminole, FL 33777.

3. Defendant York County, of the Commonwealth of Pennsylvania, is a governmental entity organized under its ordinances, resolutions, policies, regulations, and bylaws, and managed by the York County commissioners and administrators, with offices at York County Administrative Center, 28 East Market St., York, PA 17401. York County can be served via its county administrators at the foregoing address, including Chief Clerk Mark E. Derr, who is the county's highest ranking manager.

4. Defendant YCP is an adult correctional facility, managed and funded by York County via the county commissioners and administrators and the York County Prison Board, and located at 3400 Concord Road, York, PA 17402. YCP can be served via its warden, Clair Doll, at the foregoing address.

5. Defendant Clair Doll is the Warden of York County Prison. Upon information and belief, one of Mr. Doll's official duties as Warden is overseeing operations at the YCP, including the selection, implementation, and use of certain technology and systems within that facility. Mr. Doll's business address is 3400

Concord Road, York, PA 17402. According to 61 Pa. Cons. Stat. § 1726, "The warden shall submit an annual written report to the board which shall contain information on the population, conditions and practices in the prison and other matters as specified by the board." Upon information and belief, one of Mr. Doll's official duties as Warden is overseeing the conditions and practices at the YCP, including the selection, implementation, and use of certain technology and systems within that facility, including the infringing postal-mail-elimination technology.

## **JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over York County by virtue of the fact that it is a governmental entity organized under the laws of the Commonwealth of Pennsylvania. This Court has personal jurisdiction over YCP by virtue of the fact that it is located in Pennsylvania, in this judicial district, and is operated by York County, which is a governmental entity organized under the laws of the Commonwealth of Pennsylvania. This Court has personal jurisdiction over Mr. Doll by virtue of the fact that he is a resident of Pennsylvania and is employed by the YCP within this judicial district.

8. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants reside in this district.

## FACTUAL BACKGROUND

9. On May 14, 2019, the United States Patent and Trademark Office duly and legally issued the Asserted Patent, entitled "Correctional Postal Mail Contraband Elimination System." A copy of the Asserted Patent is attached as Exhibit A.

10. Smart Communications IP is the owner by assignment of all right, title, and interest in the Asserted Patent. Smart Communications IP holds the intellectual property of other Smart Communications business entities.[1] The sole inventor of the Asserted Patent, Jonathan Logan, is also the CEO of Smart Communications.

11. Smart Communications is a pioneer in the development of and a national leader in the provision of inmate-communication services. For example, Smart Communications developed and provided the first kiosk-based electronic messaging system for correctional-facility inmates, and created groundbreaking postal-mail-elimination technology for correctional facilities.

12. Smart Communications' post-mail-elimination technology is the subject of numerous pending U.S. patent applications and is covered by the Asserted Patent.

---

[1] For the sake of convenience and for the purposes of this pleading, hereinafter in the Factual Background section, Smart Communications IP and other Smart Communications business entities will be referred to collectively as "Smart Communications."

13. Smart Communications' products and systems utilizing its patented technology are branded MailGuard® and MailGuard Postal Mail Elimination®.

14. Postal mail is the number-one method for sneaking illegal drugs, contraband, and secret communications into correctional facilities. Thus, the elimination of postal mail is critical to the safe operation of correctional facilities in that it significantly reduces, and in many cases altogether stops, the infiltration of those undesirable and potentially dangerous items.

15. Accordingly, correctional facilities throughout the United States—from small county jails to larger state-run facilities housing thousands of inmates—utilize Smart Communications' MailGuard® technology.

16. Under the authority of the Pennsylvania Consolidated Statutes, the Department of Corrections of the Commonwealth of Pennsylvania and the Pennsylvania Board of Probation and Parole are permitted to contract with various entities to provide programs and services including "[f]acilitating visitation and maintenance of family relationships with respect to offenders by addressing obstacles such as travel, telephone costs, mail restrictions and restrictive visitation policies." 61 Pa. Cons. Stat. § 4904(a)(12).

17. Upon information and belief, Defendants have engaged TextBehind, Inc. ("TextBehind") to provide services and technology to eliminate the original postal mail addressed to inmates at the YCP. Upon information and belief,

Defendants utilize this technology to scan inmates' routine postal mail, after which those scans are digitized for investigative purposes including "smart search" and "content discovery," and are uploaded for subsequent review and approval by staff at the YCP.

18. In a letter from the YCP and signed by Warden Doll, Warden Doll provided his review of "the service provided by TextBehind, Inc to York County Prison, PA." The letter indicates that:

> [b]efore engaging TextBehind as the dedicated mail management vendor for our facility, we managed all our non-privileged mail the old-fashioned way; by physically opening and inspecting each piece of non-privileged mail for contraband. Thanks to TextBehind, not only have we streamlined practically overnight, we have eliminated hard contraband such as drugs, weapons, etc. from non-privileged mail. This has increased the safety of our mailroom staff by reducing potential exposure to hazardous substances and decreased staffing costs for the mailroom.

A copy of the aforementioned letter is attached as Exhibit B.

19. Upon information and belief, York County and the YCP continue to utilize infringing postal-mail-elimination technology, including TextBehind's services and technology.

20. Upon information and belief, the TextBehind services and technology that York County and the YCP implemented, and continue to use, provide a "full-service mail management" system that enables the YCP to, among other things, approve and reject incoming mail, monitor all connections and communications,

download from historical archives, and "flag" for review and potentially withhold from the intended inmate recipient any physical mail determined to contain contraband or other inappropriate content. *See* Inmate Mail Management Software & Service, *TextBehind* at 2, 4, 7 (attached as Ex. C).

21. Thus, upon information and belief, the TextBehind services and technology that York County and the YCP implemented, and continue to use, infringe the Asserted Patent.

22. More specifically, upon information and belief, York County and the YCP are utilizing postal-mail-elimination technology that enables the YCP (through its contract with TextBehind) to, among other things: (1) scan inmates' physical mail; (2) digitize the scanned mail to create an electronic copy of the physical mail for investigative and inmate-identification purposes; (3) upload the electronic copy of the scanned mail for storage and review by YCP personnel; (4) determine whether the physical mail contains contraband or other inappropriate content; (5) flag the electronic copy of the physical mail if it is found to contain contraband or other inappropriate content; (6) deny delivery of any electronic copies of physical mail that are found to contain contraband or other inappropriate content; and (7) electronically deliver approved copies of the scanned physical mail to the appropriate inmate recipient for viewing on a remote kiosk—all in violation of the Asserted Patent. York County and the YCP further induce such infringing conduct

7

by instructing YCP personnel to perform and use the above-described postal-mail-elimination technology.

23. In addition, upon information and belief, Warden Doll, in carrying out his official administrative and supervisory duties within the YCP, actively participates in, and further induces, the above-described infringing conduct.

24. On January 7, 2020, counsel for Smart Communications wrote to the YCP and Warden Doll, identified and provided a copy of the Asserted Patent, and expressed concern over the YCP's implementation and use of the above-described, infringing postal-mail-elimination technology. *See* January 7, 2020 Cease-and-Desist Letter to Warden Doll and the YCP (attached as Ex. D). Since at least as early as that date, Defendants have had actual knowledge of the Asserted Patent and Smart Communications' infringement claims. Yet despite Defendants' knowledge of the Asserted Patent, they continue to infringe.

25. Defendants' infringement of the Asserted Patent has injured Smart Communications and will continue to cause further injury unless Defendants are enjoined from further infringing the claims of the Asserted Patent.

## COUNT ONE:
## PATENT INFRINGEMENT

26. Smart Communications IP repeats and realleges paragraphs 1-25 above as if fully set forth herein.

8

27. Defendants have directly infringed, and continue to directly infringe, at least claims 1 and 13 of the Asserted Patent under 35 U.S.C. § 271(a) by using within the United States the TextBehind postal-mail-elimination methods and systems. For example, upon information and belief, the infringing postal-mail-elimination method being utilized by Defendants, through the YCP's contractual relationship with TextBehind, includes at least the steps of: (1) receiving postal mail and associating that mail with an intended inmate recipient; (2) screening the postal mail for contraband; (3) scanning the postal mail; (4) generating a text-readable electronic copy of the scanned postal mail for investigative and inmate-delivery purposes; (5) electronically storing the electronic copy of the scanned postal mail for storage and review by YCP personnel; (6) flagging the electronic copy of the postal mail if it is found to contain contraband or other inappropriate content; (7) denying delivery of any electronic copies of postal mail that are found to contain contraband or other inappropriate content; (8) electronically delivering approved copies of the scanned postal mail to the intended inmate recipient for viewing on a remote kiosk; and (9) logging details relating to the inmate recipient's access and review of the electronic copy of the scanned postal mail.

28. Furthermore, upon information and belief, the infringing postal-mail-elimination system being utilized by Defendants contains at least the following components: (1) a scanning station capable of creating a text-readable electronic

copy of postal mail, and including an input interface capable of (a) attaching recipient-inmate information to the electronic copy of the postal mail and associating the electronic copy of the postal mail with an email account belonging to the intended inmate recipient, and (b) associating the electronic copy of the postal mail with an access flag that denies access to the intended inmate recipient if the electronic copy of the postal mail contains contraband or other inappropriate content; (2) a server in communication with the scanning station and a network, such that the scanning station communicates the electronic copy of the postal mail and its identifying information to the server for storage; (3) a remote kiosk in communication with the server that is capable of sending and receiving electronic mail, through which the intended inmate recipient can access the electronic copy of the postal mail; and (4) a viewing station in communication with the server, through which YCP personnel can screen and review the electronic copy of the postal mail prior to delivery to the intended inmate recipient.

29. In addition, Defendants have been and are inducing infringement of the Asserted Patent under 35 U.S.C. § 271(b) by actively and knowingly inducing others—e.g., YCP personnel—to use the TextBehind postal-mail-elimination methods and systems. Specifically, at least as early as January 7, 2020, Defendants had knowledge of the Asserted Patent and that the postal-mail-elimination methods and systems being used by the YCP infringed the Asserted Patent. Despite that

knowledge, upon information and belief, Defendants continue to instruct YCP personnel to perform and use, and continue to teach such YCP personnel how to perform and use, the infringing postal-mail-elimination methods and systems being used by the YCP with the knowledge and intent that such YCP personnel would, in fact, infringe the Asserted Patent.

30. Defendants' infringement has injured and continues to injure Smart Communications IP and will cause irreparable harm unless Defendants are enjoined from infringing the claims of the Asserted Patent.

31. Defendants' infringement of the Asserted Patent has been and continues to be willful under 35 U.S.C. § 284 because Defendants have acted with knowledge of the Asserted Patent and knowledge that their actions constitute infringement of the Asserted Patent, or have at least acted with knowledge of an objectively high likelihood that their actions constitute infringement of the Asserted Patent.

32. Defendants' actions render this an exceptional case under 35 U.S.C. § 285.

33. Smart Communications IP has complied with the statutory requirement of giving notice of the Asserted Patent to Defendants at least by sending its January 7, 2020 letter to Warden Doll in which Smart Communications IP identified and

provided a copy of the Asserted Patent, and alleged that the YCP's use of its postal-mail-elimination technology infringed the Asserted Patent.

## COUNT TWO:
## DEPRIVATION OF FEDERAL RIGHTS

34. Smart Communications IP repeats and realleges paragraphs 1-33 above as if fully set forth herein.

35. Defendant Doll, in his capacity as an employee of York County, deprived and continues to deprive Smart Communications IP of its exclusive federal patent rights under the Asserted Patent by using or inducing the use of the methods and systems claimed in the Asserted Patent without authorization.

36. Actions for "claims against a local agency may be brought in and only in a county in which the local agency is located or in which the cause of action arose or where a transaction or occurrence took place out of which the cause of action arose." Judiciary Act Repealer Act Continuation Act of 1980 § 333, Act of October 5, 1980, P.L. 693, 42 P.S. § 20043; Pa. R.C.P. No. 2103(b). Thus, the courts of York County have exclusive jurisdiction to hear all claims against York County, YCP, and its employees. York County courts, however, have no jurisdiction to hear patent cases under 28 U.S.C. § 1338, which grants federal district courts exclusive original jurisdiction over such cases. Therefore, the York County courts lack authority to provide adequate remedies for a patent infringement action.

## DAMAGES

37. As a result of Defendants' infringement, Smart Communications IP has suffered actual and consequential damages. To the fullest extent permitted by law, Smart Communications IP seeks recovery of damages at least for reasonable royalties, unjust enrichment, and benefits received by Defendants as a result of their using misappropriated technology. Smart Communications IP seeks any other damages to which it is entitled under law or in equity.

## ATTORNEYS' FEES

38. Smart Communications IP is entitled to recover reasonable and necessary attorneys' fees under applicable law.

## DEMAND FOR JURY TRIAL

Smart Communications IP hereby demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Smart Communications IP respectfully requests that this Court enter judgment in its favor as follows:

A. that Defendants infringe the Asserted Patent;

B. that Defendants' infringement of the Asserted Patent was willful, and that Defendants' continued infringement of the Asserted Patent is willful;

C. awarding Smart Communications IP damages in an amount adequate to compensate for Defendants' infringement of the Asserted Patent, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D. awarding treble damages pursuant to 35 U.S.C. § 284 in view of Defendants' willful infringement;

E. awarding Smart Communications IP pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F. entering a permanent injunction against Defendants and their agents, servants, officers, directors, employees, and persons or entities acting in concert with Defendants from infringing the claims of the Asserted Patent;

G. entering an order finding that this is an exceptional case and awarding Smart Communications IP its reasonable attorneys' fees pursuant to under 35 U.S.C. § 285;

H. awarding Smart Communications IP its costs of suit; and

I. awarding such other and further relief that the Court may deem appropriate and just under the circumstances.

Dated: February 3, 2020

Respectfully submitted,

*/s/ John Frank Murphy*
John Frank Murphy
JohnMurphy@bakerlaw.com
Baker & Hostetler LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
Telephone: (215) 564-1603
Facsimile: (215) 568-3439

Katrina M. Quicker (*pro hac vice* forthcoming)
kquicker@bakerlaw.com
Jason P. Grier (*pro hac vice* forthcoming)
jgrier@bakerlaw.com
Baker & Hostetler LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676
Telephone: (404) 459-0050
Facsimile: (404) 459-5734

*Attorneys for Smart Communications IP*