# EXHIBIT D

# BakerHostetler

**Baker&Hostetler LLP**

1170 Peachtree Street
Suite 2400
Atlanta, GA 30309-7676

T 404.459.0050
F 404.459.5734
www.bakerlaw.com

Jason P. Grier
direct dial: 404.256.8234
jgrier@bakerlaw.com

January 7, 2020

Warden Clair Doll
York County Prison
3400 Concord Road
York, PA 17402

*Re: York County's unauthorized use of Smart Communications' Patented MailGuard® technology*

Dear Warden Doll:

BakerHostetler represents Smart Communications in connection with its intellectual property matters. We understand that York County has engaged TextBehind, Inc. ("TextBehind") to provide services and technology to eliminate the original postal mail addressed to inmates at the York County Prison. In particular, we understand that York County utilizes this technology to scan its inmates' routine postal mail at an offsite location, where the scans are digitized for investigative purposes including "smart search" and "content discovery," and are uploaded for subsequent review and approval by jail staff.

As you may be aware, Smart Communications' MailGuard® technology, including its MailGuard Postal Mail Elimination® system, is the subject of numerous patent applications and an issued patent. We therefore write to provide express notice of Smart Communications' issued patent, U.S. Patent No. 10,291,617, and to demand that York County cease and desist its unauthorized use of Smart Communications' patented technology. I am enclosing a copy of the patent for your reference and consideration. Smart Communications anticipates that several additional patents will issue in the very near future from its other pending applications concerning its MailGuard® technology.

The Federal Statutes define patent infringement to include, among other things, each of the making, using, offering to sell, and selling of a patented invention. *See* 35 U.S.C. § 271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention, within

Warden Clair Doll
January 7, 2020
Page 2

the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."). The statute further creates and extends liability for inducing another party to infringe, 35 U.S.C. § 271(b), and for contributing to another party's infringement, 35 U.S.C. § 271(c).

We believe that York County's use and implementation of TextBehind's postal-mail-elimination system constitutes infringement of Smart Communications' patent under 35 U.S.C. § 271(a), (b), and (c). And because York County is fully aware and on notice that Smart Communications' technology is patented by way of this letter, any continued unauthorized use of Smart Communications' patented technology gives rise to a claim of willful infringement under 35 U.S.C. § 284, subjecting York County to a judgment for enhanced damages and potentially for Smart Communications' attorneys' fees.

Please be advised that Smart Communications takes the protection of its intellectual property very seriously, and, when it becomes necessary, it will initiate enforcement proceedings. For example, Smart Communications was recently forced to initiate patent infringement litigation against another facility that chose not to respect its patent rights and instead chose to utilize an infringing postal-mail-elimination system. I am enclosing a copy of a press release related to that matter for your consideration. Smart Communications' sincere hope is that it can avoid a similar situation here, but TextBehind's complete disregard of Smart Communication's patent has put your agency directly at risk.

We do not know what discussions you have had with TextBehind regarding its infringing postal-mail-elimination technology, including whether it provided a warranty, representation, or indemnity against patent infringement claims, but we can assure you that Smart Communications previously issued a very direct warning and notice to TextBehind regarding Smart Communications' patent. In response, and what we now know was an effort to hide its infringement, TextBehind unabashedly stated, among other things, that it "does not convert inmate postal mail to an electronic format." Smart Communications has become aware (as your agency also knows based on the services TextBehind provides) that this statement is categorically false. Frankly, Smart Communications' confirmation of these falsehoods was not surprising given that Smart Communications has since discovered many other false or deceptive claims that TextBehind has been making to correctional facilities like yours and throughout the marketplace. In fact, approximately a month ago, Smart Communications was forced to file a lawsuit against TextBehind for its deceptive and unfair trade practices, including its rampant false advertising. I am also enclosing a copy of that complaint for your reference.

As the inventor and owner of the MailGuard Postal Mail Elimination® system, and a pioneer in the inmate communication services industry, Smart Communications is well aware of the importance and value of its postal-mail-elimination technology in reducing or eliminating the infiltration of drugs and other contraband into correctional facilities. If York County is interested in utilizing Smart Communications' patented technology, Smart Communications is willing to explore an arrangement to provide its MailGuard Postal Mail Elimination® system to York County's correctional facility.

Warden Clair Doll
January 7, 2020
Page 3

If we do not hear back from you within 14 days, however, we will assume that York County has no interest in resolving this issue amicably. Smart Communications reserves its rights to take all appropriate legal action for any unauthorized use or implementation of its patented technology.

Very truly yours,

Jason P. Grier
Partner

enclosures:

    U.S. Patent No. 10,291,617
    PRNewswire Article, August 22, 2019
    Complaint against TextBehind for Unfair and Deceptive Trade Practices and False Advertising (filed Nov. 27, 2019 in the Circuit Court for the 6th Judicial Circuit in Florida)