**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HLFIP HOLDING, INC. d/b/a SMART COMMUNICATIONS IP HOLDINGS, | : | No. 1:20-cv-00186 |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| YORK COUNTY, PENNSYLVANIA; YORK COUNTY PRISON; and CLAIR DOLL, in his official capacity as York County Prison Warden, | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS YORK COUNTY, YORK COUNTY PRISON AND CLAIR DOLL**

AND NOW, come the Defendants, York County, York County Prison, and Clair Doll, in his official capacity as York County Prison Warden, by and through Donald L. Reihart, Assistant County Solicitor, and answers the Complaint of the Plaintiff, as follows:

## NATURE OF THE ACTION

1.

Denied

On the contrary, Defendants deny any use direct or indirect of the alleged patent technology that is alleged to constitute an infringement of Plaintiff's patent.

## THE PARTIES

2.

Denied

On the contrary, Defendants do not have sufficient information to form a belief as to the truth of the averments and proof thereof is demanded at trial.

3.

Denied

On the contrary, the York County Prison is operated by the Board of Inspectors of the jail or county prison, commonly referred to as the "York County Prison Board", which is established by the Act of August 11, 2009, P.L. 147, No. 33, et seq. (61 Pa.C.S.A. §1731, et seq.).

4.

Admitted In Part

It is admitted that the York County Prison is a correctional facility that is funded, in part, by the County of York. All other allegations are denied.

5.

Denied

On the contrary, 61 Pa.C.S.A. §1726 provides the duties for wardens of county jails situate in counties of the Second Class and Second Class A. York County is a county of the Third Class and governed by the statutory provisions set forth in 61 Pa.C.S.A. §§ 1731-1736.

## JURISDICTION AND VENUE

6.

Admitted

7.

Admitted in Part

It is admitted that the Court has jurisdiction over the County of York and Warden Clair Doll. It is denied that the Court has jurisdiction over the York County Prison.

8.

Admitted.

## FACTUAL BACKGROUND

9.

Admitted In Part

It is admitted that on its face the asserted patent is entitled "Correctional Postal Mail Contraband Elimination System" and states that the Asserted Patent was issued on May 14, 2019. Defendants lack sufficient knowledge or information to form a belief as to the truth of whether the Asserted Patent was "duly and legally issued" by the United States Patent and Trademark Office, and deny that allegation.

10.

Admitted In Part

Defendants avers that the Certificate of Correction issued in connection with the Asserted Patent states on its face that the assignee of the Asserted Patents is HLFIP Holding, Inc. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 10, and thus deny them and demand strict proof thereof.

11.

Denied

12.

Denied

On the contrary, Defendants are without sufficient information to form a belief as to the truth of the averment and proof thereof is demanded at trial.

13.

On the contrary, Defendants are without sufficient information to form a belief as to the truth of the averment and proof thereof is demanded at trial.

14.

Admitted In Part

It is admitted that mail is sometimes used improperly to bring contraband into correctional facilities. The balance of averment is denied.

15.

Denied

On the contrary, Defendants are without sufficient knowledge or information to admit the averment and proof thereof is demanded at trial.

16.

Denied

17.

Admitted In Part

York County was involved in a contract arrangement with Textbehind. All other allegations are denied.

18.

Admitted

19.

Denied

20.

Denied

21.

Denied

22.

Denied

23.

Denied

24.

Admitted In Part

It is admitted that on January 7, 2020, counsel for Smart Communications wrote to Warden Doll and provided the information alleged. All other allegations are denied.

25.

Denied

**COUNT ONE:**
**PATENT INFRINGEMENT**

26.

Defendants incorporate by reference their responses to Paragraphs 1 through 25 of the Complaint as if fully stated herein.

27.

Denied

28.

Denied

29.

Denied

30.

Denied

31.

Denied

32.

Denied

33.

Denied

**COUNT TWO:**
**DEPRIVATION OF FEDERAL RIGHTS**

34.

1. Defendants incorporate by reference their responses to Paragraphs 1 through 33 of the Complaint as if fully stated herein.

35.

Denied

36.

Denied

**DAMAGES**

37.

Denied

## ATTORNEY'S FEES

38.

Denied

## DEMAND FOR JURY TRIAL

39.

Defendants demand a trial by jury.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver, limitation, or prejudice, reserving their rights to assert additional defenses, hereby assert the following defenses:

### First Affirmative Defense (Failure to State a Claim)

Smart Communications is not entitled to relief against Defendants because Smart Communications fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Non-Infringement)

Smart Communications is not entitled to relief against Defendants because Defendants have not infringed, and do not now infringe, directly or indirectly, any claim of the Asserted Patent. Nor do Defendants' personnel

directly or directly infringe any claim of the Asserted Patents. Smart Communications has failed to show that the Digital MailRoom system alone, or as employed by Defendants or Defendants' personnel, practice every limitation of any claim of the Asserted Patent. Defendants are entitled to and hereby demand a trial by jury on this defense.

**Third Affirmative Defense**
**(Prosecution History Estoppel)**

Smart Communications is not entitled to relief against Defendants because Smart communications' claims are barred, in whole or in part, by prosecution history estoppel based on the proceedings and statements, representations, and admissions made during the prosecution of the patent applications that matured into the Asserted Patent.

**Fourth Affirmative Defense**
**(Invalidity for Failure to Comply with 35 U.S.C. § 101 *et seq.*)**

The Asserted Patent is invalid and/or unenforceable for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101, *et seq.*, including without limitation, §§ 101, 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto in view of at least prior art identified during prosecution. Defendants are entitled to and hereby demand a trial by jury on this defense.

**Fifth Affirmative Defense**
**(Equitable Defenses)**

Smart Communications is barred or limited from recovery, in whole or in part, by an express or implied license, and/or by the equitable doctrines of waiver, acquiescence, patent misuse, estoppel, and/or the doctrine of patent exhaustion.

**Sixth Affirmative Defense**
**(Failure to Mark)**

Smart Communication is barred or limited from recovery, in whole or in part, under 35 U.S.C. § 287.

**Seventh Affirmative Defense**
**(Prior Commercial Use)**

Smart Communication is not entitled to relief against Defendants, in whole or in part, under 35 U.S.C. § 273 with respect to subject matter comprising commercial use in the United States by Defendants.

**Eighth Affirmative Defense**
**(Unavailability of Injunctive Relief)**

Smart Communications is not entitled to injunctive relief or any other equitable relief because any alleged injury is not irreparable and because, had any injury occurred, it would have an adequate remedy at law.

**Ninth Affirmative Defense**
**(Federal Sovereign Immunity)**

Plaintiff's claims are barred by Sovereign Immunity, as provided by the Constitution of the United States.

**Tenth Affirmative Defense**
**(State Sovereign Immunity)**

Plaintiff's claims are barred by Sovereign Immunity established under the laws of the Commonwealth of Pennsylvania.

**Eleventh Affirmative Defense**
**(Failure To Join A Necessary Party)**

Plaintiff's Complaint should be dismissed for failure to join a necessary part as required by Federal R.C.P. No. 19.

Respectfully submitted,

By: /s/ Donald Reihart, Esquire
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
28 E. Market Street 2nd Floor
York, PA 17401
Telephone: (717)755-2799
Email: email@reihartlaw.com
dlreihart@yorkcountypa.gov
Assistant Solicitor for the
County of York and Solicitor for
the York County Prison

Dated March 5, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HLFIP HOLDING, INC. d/b/a SMART COMMUNICATIONS IP HOLDINGS, | : | No. 1:20-cv-00186 |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| YORK COUNTY, PENNSYLVANIA; YORK COUNTY PRISON; and CLAIR DOLL, in his official capacity as York County Prison Warden, | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 5, 2020 I served via electronic mail the foregoing **Answer and Affirmative Defenses of Defendants York County, York County Prison, and Clair Doll,** upon the following:

John Frank Murphy, Esq.
JohnMurphy@bakerlaw.com
Baker & Hostetler LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891

Katrina M. Quicker, Esq. (pro hac vice forthcoming)
kquicker@bakerlaw.com
Jason P. Grier, Esq. (pro hac vice forthcoming)
jgrier@bakerlaw.com
Baker & Hostetler LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, GA 30309-7676

Attorneys for Smart Communications IP

Respectfully submitted,

By: /s/ Donald Reihart, Esquire
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
28 E. Market Street 2nd Floor
York, PA 17401
Telephone: (717)755-2799
Email: email@reihartlaw.com
dlreihart@yorkcountypa.gov
Assistant Solicitor for the
County of York and Solicitor for
the York County Prison

Dated March 5, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HLFIP HOLDING, INC. d/b/a SMART COMMUNICATIONS IP HOLDINGS, | : | No. 1:20-cv-00186 |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| YORK COUNTY, PENNSYLVANIA; YORK COUNTY PRISON; and CLAIR DOLL, in his official capacity as York County Prison Warden, | : | |
| Defendants. | : | |

**CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

By: /s/ Donald Reihart, Esquire
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
28 E. Market Street 2nd Floor
York, PA 17401
Telephone: (717)755-2799
Email: email@reihartlaw.com
dlreihart@yorkcountypa.gov
Assistant Solicitor for the County of York and Solicitor for the York County Prison

Dated March 5, 2020