## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HLFIP HOLDINGS, INC. d/b/a SMART COMMUNICATIONS IP HOLDINGS, | : : : : | CIVIL ACTION NO. 1:20-CV-00186 (Chief Judge Conner) |
| Plaintiff, | : : | |
| v. | : : | |
| YORK COUNTY, PENNSYLVANIA; YORK COUNTY PRISON; and CLAIR DOLL, *in his official capacity as York County Prison Warden,* | : : : : : : | |
| Defendants. | : | |

### AMENDED ANSWER AND AFFIRMATIVE DEFENSES
### OF DEFENDANTS,
### <u>YORK COUNTY, YORK COUNTY PRISON, and CLAIR DOLL</u>

AND NOW, come Defendants, York County, York County Prison, and Clair Doll, in his official capacity as York County Prison Warden, by and through their counsel, Saxton & Stump, and file the Amended Answer and Affirmative Defenses to Plaintiff's Complaint as follows:

### <u>NATURE OF THE ACTION</u>

1.      Admitted in part and denied in Part. It is admitted that Plaintiff brought this action for patent infringement under 35 U.S.C. § 271. It is specifically denied that Defendants have infringed, continue to infringe, and actively induce

infringement of United States Patent No. 10,291,617 ("Asserted Patent") by their use of their inmate mail management system.

## THE PARTIES

2.     Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of this averment and, therefore, the same is denied.

3.     Admitted in part and denied in part. It is admitted that York County, of the Commonwealth of Pennsylvania, is a governmental entity. It is also admitted that York County is managed by the York County Commissioners, with offices at York County Administrative Center, 28 East Market St., York, PA 17401. It is denied that administrators have management authority over York County outside of ministerial matters. It is admitted that York County can be served via its county administrators at the foregoing address, including Chief Clerk Mark E. Derr, who is the county's highest-ranking manager.

4.     Admitted in part and denied in part. It is admitted that YCP is an adult correctional facility located at 3400 Concord Road, York, PA 17402, which can be served via its warden, Clair Doll at that address. It is also admitted that YCP is managed by the York County Prison Board. It is denied that the York County Commissioners manage YCP. It is further denied that YCP is wholly managed and

funded by York County administrators, who only have authority over ministerial matters.

5.     Admitted in part and denied in part. It is admitted that Clair Doll is the Warden of York County Prison and does business at that address. The remaining averments of this paragraph are denied. Specifically, 61 Pa.C.S.A. § 1726 provides for the duties of county jail wardens situated in counties of the Second Class and Second Class A. York Count is a county of the Third Class and thus governed by the statutory provisions set forth in 61 Pa.C.S.A. §§ 1731-1736.

## JURISDICTION AND VENUE

6.     Admitted in part and denied in part. It is admitted that this Honorable Court has subject matter jurisdiction over patent matters under 28 U.S.C. 1331 and 1338(a). It is denied that this Court has subject matter jurisdiction over this matter because York County, the York County Prison, and Clair Doll acting in his official capacity are arms of the Commonwealth of Pennsylvania and work at the behest of the County to provide functions of the Commonwealth, and thus enjoy sovereign immunity from this action under the Eleventh Amendment.

7.     Denied. Because York County, the York County Prison, and Clair Doll acting in his official capacity are arms of the Commonwealth of Pennsylvania and work at the behest of the County to provide functions of the Commonwealth, they enjoy sovereign immunity from this action under the Eleventh Amendment.

Therefore, in light of the 11th Amendment, it is specifically denied that this Court has personal jurisdiction over this matter and over Defendants.

8.     Denied. Because York County, the York County Prison, and Clair Doll acting in his official capacity are arms of the Commonwealth of Pennsylvania and work at the behest of the County to provide functions of the Commonwealth, they enjoy sovereign immunity from this action under the Eleventh Amendment, and therefore it is specifically denied that venue is properly laid.

## FACTUAL BACKGROUND

9.     Admitted in part and denied in part. It is admitted that on its face the Asserted Patent is entitled "Correctional Postal Mail Contraband Elimination System" and states that the Asserted Patent was issued on May 14, 2019. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph and it is thus denied.

10.     Admitted in part and denied in part. It is admitted that Jonathan Logan is listed as the inventor of the Asserted Patent and that the Asserted Patent has been assigned to HLFIP Holding, Inc. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph and any remaining averments are thus denied.

11.     Denied.

12. – 13.    Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in these paragraphs and, therefore, the same are denied.

14.    Admitted in part and denied in part. It is admitted that mail is sometimes used improperly to bring contraband into correctional facilities. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remainder of this paragraph and it is thus denied.

15.    Denied. After reasonable investigation, Defendants lack knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph and, therefore, the same are denied.

16.    Admitted.

17.    Denied. York County Prison and TextBehind entered into an inmate mail management system agreement where TextBehind screens and processes postal mail for York County Prison. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining averments in this paragraph and, therefore, the same are denied.

18.    Admitted.

19. – 23.  Denied.

24.     Admitted in part and denied in part. It is admitted that on January 7, 2020, counsel for Smart Communications wrote to Warden Doll and provided the information alleged. All other averments of this paragraph are denied.

25.     Denied.

## COUNT ONE:
## PATENT INFRINGEMENT

26.     Denied. The preceding paragraphs are incorporated herein by reference.

27. – 31.     Denied.

32.     Denied. The averments of this paragraph are legal conclusions to which no responses are required.

33.     Admitted in part and denies in part. Defendants admit that on January 7, 2020 counsel for Smart Communications wrote to Warden Doll and provided a copy of the Asserted Patent. All other averments of the paragraph are denied.

## COUNT TWO:
## DEPRIVATION OF FEDERAL RIGHTS

34.     Denied. The preceding paragraphs are incorporated herein by reference.

35.     Denied.

36.     Admitted.

## DAMAGES

37.     Denied.

## ATTORNEYS' FEES

38.   Denied.

## AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendants, without waiver,

limitation, or prejudice, hereby assert the following affirmative defenses:

### First Affirmative Defense
### Failure to State a Claim

Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### Non-Infringement

Neither Defendants nor their staff or personnel have infringed, and do not now

infringe, directly or indirectly, any claim of the Asserted Patent. Plaintiffs failed to

plead or otherwise show that the inmate mail management system used by

Defendants alone, or as employed by Defendants and/or their staff and personnel,

performs every limitation of all claims of the Asserted Patent.

### Third Affirmative Defense
### Prosecution History Estoppel

Plaintiff's claims are barred, in whole or in part, by prosecution history

estoppel based on the proceedings and statements, representations and admissions

made during the prosecution of the patent applications that matured into the Asserted

Patent.

## Fourth Affirmative Defense
### Invalidity for Failure to Comply with 35 U.S.C. §101 et seq.

The Asserted Patent is invalid and/or unenforceable for failure to comply with the conditions for patentability set forth in Title 35, U.S.C. § 101, et seq., including, without limitation, §§ 101, 102, 103, and 112, as well as the rules, regulations, and laws pertaining thereto in view of the prior art identified during prosecution.

## Fifth Affirmative Defense
### Equitable Defenses

Plaintiff is barred or limited from recovery, in whole or in part, by an express or implied license, and/or by the equitable doctrines of waiver, acquiescence, patent misuse, estoppel, and/or patent exhaustion.

## Sixth Affirmative Defense
### Failure to Mark

Plaintiff is barred or limited from recovery, in whole or in part, under 35 U.S.C. § 287.

## Seventh Affirmative Defense
### Prior Commercial Use

Plaintiff is not entitled to relief against Defendants, in whole or in part, under 35 U.S.C. § 273 with respect to subject matter comprising commercial use in the United States by Textbehind.

**Eighth Affirmative Defense**
**<u>Unavailability of Injunctive Relief</u>**

Plaintiff is not entitled to injunctive relief or any other equitable relief because any injury alleged is not irreparable and any injury alleged to have occurred would have an adequate remedy at law.

**Ninth Affirmative Defense**
**<u>Federal Sovereign Immunity</u>**

Plaintiff's claims are barred by Sovereign Immunity, as provided by the Constitution of the United States. Because York County, the York County Prison, and Clair Doll acting in his official capacity are arms of the Commonwealth of Pennsylvania and work at the behest of the County to provide functions of the Commonwealth, they enjoy sovereign immunity from this action under the Eleventh Amendment.

**Tenth Affirmative Defense**
**<u>State Sovereign Immunity</u>**

Plaintiff's claims are barred by Sovereign Immunity established under the laws of the Commonwealth of Pennsylvania. Because York County, the York County Prison, and Clair Doll acting in his official capacity are arms of the Commonwealth of Pennsylvania and work at the behest of the County to provide functions of the Commonwealth, they enjoy sovereign immunity from this action.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

1.     This counterclaim is an action for a declaratory judgment under 28 U.S.C. §§ 2201, 2202 and Federal Rule of Civil Procedure 13.

2.     HLFIP Holding, Inc., d/b/a Smart Communications IP Holdings ("Smart Communications") brought the present suit against York County, York County Prison, and Clair Doll in his official capacity as York County Prison Warden ("Counterclaim Plaintiffs") alleging infringement of the Asserted Patent.

3.     Venue and personal jurisdiction are proper in this district because Counterclaim Defendant Smart Communications is subject to the personal jurisdiction in this judicial district and has submitted itself to the jurisdiction of this Court by bringing the present lawsuit.

4.     The lawsuit threatens actual and imminent injury to Counterclaim Plaintiffs that may be redressed by judicial relief. Absent a declaration of non-infringement, Smart Communications continued assertion of infringement related to the use of Counterclaim Plaintiffs inmate mail management system will cause Counterclaim Plaintiff harm.

5.     An actual controversy exists between Smart Communications and Counterclaim Plaintiffs as to whether the Asserted Patent is invalid, and not infringed by Counterclaim Plaintiffs' use of the inmate mail management system or

Counterclaim Plaintiffs' practices related to the use of the inmate mail management system.

6.    Counterclaim Plaintiffs have not, and are not now, infringing any claim of the Asserted Patent, directly or indirectly.

7.    The Asserted Patent is invalid for failure to comply with the conditions of patentability set forth in Title 35, §101, et. seq.

8.    The Asserted Patent is invalid and Counterclaim Plaintiffs do not and have not infringed any of its claims.

9.    Counterclaim Plaintiffs are entitled to a judgment that the Asserted Patent is invalid, and/or not infringed by Counterclaim Plaintiffs.

10.    Smart Communications actions render this an exceptional case under 35 USC § 285.

## RESERVATION OF RIGHTS

Defendants reserve the right to add any additional defenses or counterclaims that discovery may reveal.

WHEREFORE, Counterclaim Plaintiffs pray for relief as follows:

A.    That the Court dismiss the Smart Communications' Complaint with prejudice;

B.    That the Court enter an Order declaring the Asserted Patent invalid, and not infringed by Counterclaim Plaintiffs; and

C.    That the Court find this case to be an exceptional case pursuant to Section 285 of the Patent Act and award and grant Defendants all reasonable attorneys' fees, expert fees and costs in this action;

D.    That all costs be taxed against Smart Communications; and

E.    That the Court award Counterclaim Plaintiffs such other and further relief as this Court may deem just and fair.


SAXTON & STUMP

Date:  August 31, 2020          By:   */s/Michael D. Pipa*
                                Michael D. Pipa, Esquire
                                Attorney I.D. No. 53624
                                Morgan S. Hays, Esquire
                                Attorney I.D. No. 322712
                                4250 Crums Mill Road, Suite 201
                                Harrisburg, PA  17112
                                (717) 216-5505
                                mdp@saxtonstump.com
                                msh@saxtonstump.com
                                Bruce J. Wolstoncroft, Esquire
                                Attorney I.D. No. 43923
                                Helen Odar Wolstoncroft, Esquire
                                *Application for Admission to follow*
                                Attorney I.D. No. 92371
                                280 Granite Run Drive, Suite 300
                                Lancaster, PA  17601
                                (717) 556-1000
                                bjw@saxtonstump.com
                                how@saxtonstump.com

## **CERTIFICATE OF SERVICE**

I, Michael D. Pipa, Esquire, certify that on this date, I served a certified true and correct copy of the foregoing Amended Answer, Affirmative Defenses and Counterclaims of Defendants to Plaintiff's Complaint upon the following counsel of record, via the Court's ECF Notification system:

John F. Murphy, Esquire
Baker & Hostetler, LLP
Circa Centre, 12th Floor
2929 Arch Street
Philadelphia, PA  19104-2891

Katrina M. Quicker, Esquire
Jason P. Grier, Esquire
Baker & Hostetler, LLP
1170 Peachtree Street, NE, Suite 2400
Atlanta, GA  30309-7676

Donald L. Reihart, Esquire
28 E. Market Street, 2nd Floor
York, PA  17401

SAXTON & STUMP

Date:  August 31, 2020                    By:   /s/Michael D. Pipa
                                         Michael D. Pipa, Esquire
                                         Attorney I.D. No. 53624
                                         4250 Crums Mill Road, Suite 201
                                         Harrisburg, PA  17112
                                         (717) 216-5505
                                         mdp@saxtonstump.com