# EXHIBIT D

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

| | | |
|---|---|---|
| In re Application of: | § | Confirmation No.:  8656 |
| Jonathan D. Logan | § | |
| | § | Group Art Unit:     2433 |
| | § | |
| Serial No.: 15/153,171 | § | Examiner: Baotram Tran, |
| | § | |
| Filed:        May 12, 2016 | § | |
| | § | |
| For: Correctional Postal Mail | § | |
| Contraband Elimination System | § | *Attorney Docket Number:* |
| | § | *00195-HLFIP Holding* |
| | § | |

Mail Stop Amendment

Commissioner for

Patents

P.O. Box 1450

Alexandria, VA 22313-1450

Commissioner for Patents:

<u>AMENDMENT AFTER NON-FINAL REJECTION</u>

Dear Commissioner:

In response to the Office Action mailed September 27, 2018 and in accordance with the Interview conducted with the Examiner on January 8, 2019, Applicant submits the following and respectfully requests entry and consideration:

Amendments to the Figures that begins on page 3 of this paper.

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Amendments to the Claims based on the Examiner interview of January 8, 2019, which are reflected in the listing of claims that begins on page 4 of this paper.

Remarks/Arguments begin on page 9 of this paper.

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

## AMENDMENTS TO THE DRAWINGS

The applicant thanks the examiner for identifying the objections to the drawings.  The applicant has included replacement sheets for drawings 1-18 in the appendix.  The applicant believes the replacement sheets do not add any new matter and address the grounds for the rejection.

Specifically, the applicant has replaced Figures 1-4 with drawings which comply with the requirements of with 37 CFR I.12I(d) in response to the objection. The replacement drawings follow as Appendix 1.  The applicant thanks the examiner for identifying the error and the applicant believes the correction to the figures satisfactorily address the objection and thereby overcomes the grounds for the objection.

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

<u>AMENDMENTS TO THE CLAIMS</u>

This listing of claims will replace all prior versions and listings of claims in the application:

We claim:

1. (Currently amended) A method for eliminating contraband in postal mail for [[a]] <u>one or more remote</u> correctional ~~facility~~ <u>facilities</u> comprising, receiving postal mail at a central facility;  identifying mail information comprising recipient inmate and inmate institution; identifying an inmate email account <u>and the associated inmate identifier</u> associated with said inmate; identifying sender information <u>and recording it in a database containing the inmate identifier</u>; identifying content information; associating said sender information and said content information with said inmate <u>identifier</u>; screening said postal mail for contraband; scanning said content information and sender information <u>and generating a scanned electronic copy and a text-readable version of said electronic copy</u> wherein <u>said</u> sc<u>anned electronic copy</u> ~~results~~ <u>and said text-readable version</u> are stored electronically <u>in a database using the inmate identifier as the primary key</u>; storing an electronic copy of said <u>electronic copy and said text-readable version</u> ~~scan results~~ for electronic transmission to said recipient inmate; associating a contraband flag with said electronic copy <u>and said text-readable version</u>; <u>associating said electronic copy and said text-readable version with an access flag, said access flag denies access to said inmate to said electronic copy and said text-readable version based on content or information contained in said electronic copy and said text-readable version</u>; associating said electronic copy with said inmate email account <u>and the associated inmate identifier</u>; <u>assigning the electronic copy with an unique identifier;</u> presenting said electronic copy for review by institution staff; determining access to said electronic copy by said recipient inmate wherein access may be granted or denied based upon whether contraband was

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

discovered in said postal mail; displaying said electronic copy <u>of said postal mail</u> to said recipient inmate <u>associated with said inmate identifier</u> on a <u>remote</u> kiosk capable of receiving and sending electronic mail; and logging the date of receipt and each access to said electronic copy by said recipient inmate or said institution staff, wherein the risk of said recipient inmate receiving contraband in postal mail is essentially eliminated.

2. (Currently amended) The method of claim 1 wherein said <u>electronic copy</u> <u>of said</u> <u>postal mail comprised of a scan representation of said</u> postal mail <s>comprises an</s> envelope having said sender information and <u>a scan representation of said</u> contents <u>and</u> having said content information <u>associated to said inmate identifier</u> and further comprising the steps of scanning said envelope and scanning said contents.

3. (Canceled)

4. (Currently amended) The method of claim 1 wherein said step of screening said postal mail <u>at said central facility</u> for contraband <u>wherein said contraband</u> <s>comprising</s> <s>screening said postal mail for one of a group consisting of</s> <u>is selected from the group</u> <u>consisting of</u> pornography, dangerous objects, or criminal communication.

5. (Currently amended) The method of claim 1 wherein said step of screening said postal mail for contraband <u>at said</u> <u>central facility comprises of</u> <s>comprising</s> performing chemical analysis on said postal mail.

6. (canceled)

7. (canceled)

8. (Canceled)

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

9. (Previously presented) The method of claim 1 wherein said email kiosk is a standalone kiosk in a shared access area of a correctional institution.

10. (Previously presented) The method of claim 1 further comprising the step of providing said recipient inmate an option to forward said electronic copy to party outside of said recipient inmate's institution.

11. (Previously presented) The method of claim 1 further comprising the step of providing access to said electronic copy from outside of said recipient inmate's institution wherein said recipient inmate may access said electronic copy after release.

12. (Previously presented) The method of claim 1 further comprising pre-screening said sender for correspondence from legal counsel.

13. (Currently amended) The method of claim [[8]] <u>12</u> further comprising the step of returning said correspondence to the sender <u>and flagging said sender</u>.

14. (Currently amended) The method of claim [[8]] <u>12</u> further comprising the step of forwarding said correspondence to the institution housing said recipient inmate.

15. (Currently amended) The method of claim 1<u>3</u> <u>wherein</u> ~~further comprising the enabling~~ said institution staff [[to]] flag said sender and notify[[ing]] said institution staff upon receipt of future correspondence from said flagged sender.

16. (Previously presented) The method of claim 1 further comprising the step of said inmate staff printing said electronic copy and delivering said printed copy to said recipient inmate.

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

17. (Currently amended) A system for eliminating contraband in postal mail for [[a]] one or more correctional facilities facility comprising: receiving mail at a central facility, said central facility having a scanning station configured to create an electronic copy of said postal mail and convert said electronic copy to a text-readable version of electronic copy, said scanning station having with an input interface adapted to attach recipient inmate information [[an]] said electronic copy and said text-readable version of scanned said postal mail and said electronic copy being assigned an unique identifier; and create associations between said electronic copy and said text-readable version and the associated inmate identifier associated with an inmate email account for an inmate at a correctional institution, said electronic copy also having an unique identifier assigned to the electronic copy, a record of the sender of the postal mail, and a log comprising the date and time the postal mail was scanned and said interface capable of associating said electronic copy and said text-readable version with an access flag, said access flag denies access to said inmate to said electronic copy and said text- readable version based on content or information contained in said electronic copy; a server in communication with said scanning station and a network wherein said scanning station communicates said electronic copy and said log to said server over said network and said server stores said electronic copy and said log; an inmate kiosk in a remote correctional institution capable of receiving and sending electronic mail in communication with said server over a kiosk network wherein said recipient inmate may access said electronic copy through said kiosk, said kiosk being adapted to cause said server to log access of said electronic copy by said inmate using their unique inmate identifier; and a viewing station in communication with said server wherein correctional facility personnel may screen said electronic copy prior to allowing access by said inmate.

18. (Currently amended) The system of claim [[13]] 17 wherein said kiosk network is the internet.

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

19. (Currently amended) The system of claim [[13]] 17 wherein said kiosk comprises a mobile device.

20. (Currently amended) The system of claim [[13]] 17 wherein said kiosk comprises a standalone kiosk in a shared access area of a correctional facility.

21. (Currently amended) The system of claim [[13]] 17 wherein said electronic copy comprises text-readable material.

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

## REMARKS

The Office action dated September 27, 2018 is acknowledged. The Applicant believes that the foregoing amended claims are fully responsive to the Office Action dated September 27, 2018 and places the application in condition for allowance.

Claims 1 - 21 are pending in the instant application. According to the Office action, claims 18 - 11 are objected to and claims 1 - 21 are rejected as being unpatentable with respect to 35 U.S.C. 101 as being directed to non-statutory subject matter. Additionally, claims 1 - 2 and 4 - 21 are rejected under 35 U.S.C.103 as being unpatentable over Shipman, Jr. et al., ("Shipman," US 9,311,627), filed on Oct. 10, 2014, in view of Shapiro (US 2013/0179949), published on Jul. 11, 2013 and Claim 3 is rejected under 35 U.S.C. 103 as being unpatentable over Shipman, Jr. et al. ("Shipman," US 9,311,627), filed on Oct. 10, 2014, in view of Shapiro (US2013/0179949), published on Jul. 11, 2013, and further in view of Maier et al. ("Maier" US 6,463,127). By the present response, the applicant amends Claims 1 and 17, 18 - 21 and cancels claims 6 and 7. No new matter has been added. Consideration of the amendments herein is respectfully requested in light of the arguments made herein.

Objection to the Drawings

Specifically, the applicant has replaced Figures 1 -4 with drawings which comply with the requirements of with 37 CFR I.12I(d) in response to the objection. The replacement drawing can be found in Appendix 1. The applicant thanks the examiner for identifying the error and the applicant believes the correction satisfactorily address and thereby overcomes the grounds for the objection.

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

## Objection Claim Informalities

Specifically, the applicant has amended claims 18 - 21 to address the objection to due to the typographical error of "system of Claim 13" with the following wording "system of Claim 17".  The applicant thanks the examiner for identifying the error and the applicant believes the correction satisfactorily address the objection and thereby overcomes the grounds for the objection.

With regards to the examiner's advice with respect to patentability of section 11 of the office action.  Specifically, "This application currently names joint inventors. In considering patentability of the claims the examiner presumes that the subject matter of the various claims was commonly owned as of the effective filing date of the claimed invention(s) absent any evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and effective filing dates of each claim that was not commonly owned as of the effective filing date of the later invention in order for the examiner to consider the applicability of 35 U.S.C. 102(b)(2)(C) for any potential 35 U.S.C. 102(a)(2) prior art against the later invention."  The applicant is unaware of any additional inventors and all the claims are attributable to Mr. Jonathan D. Logan.  The applicant respectfully thanks the examiner and believes that the inventorship is correctly disclosed.

## 35 USC § 101 rejection

Claims 1-21 are rejected under 35 U.S.C. § 101 as being directed to non-statutory subject matter.  The applicant has also amended claims 1 and 17 as discussed in the Examiners interview of January 08, 2019 and canceled claims 6 and 7 to address the 35 USC § 101 rejection.

Specifically, the applicant has amended claims 1 and 17 that incorporate the previously presented claims 6 and 7 into claims 1 and 17.

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

35 USC § 103 rejection

Claims 1-2 and 4-21 are rejected under 35 U.S.C.103 as being unpatentable over Shipman, Jr. et al., ("Shipman", US 9,311,627), filed on Oct. 10, 2014, in view of Shapiro (US 2013/01799 49), published on July 11, 2013.

The applicant has amended claims 1 and 17 as discussed in the Examiners interview of January 08, 2019 and canceled claims 6 and 7 to address the 35 USC § 103 rejection.

Specifically, the applicant has amended claims 1 and 17 that incorporate the previously presented claims 6 and 7 into claims 1 and 17.

CONCLUSION

Applicant thanks the Examiner for the careful consideration of this case.

Applicant believes that the foregoing amended claims are fully responsive to the Office Action dated September 27, 2018.

If the Examiner believes that a telephone conference with Applicant's attorneys would be advantageous to the disposition of this case, the Examiner is invited to telephone the undersigned at 813-421-3883.

Applicant believes that the proper fees have been paid and no additional fees are due with the submission of this Amendment. If any charges are incurred with respect to this Amendment, they may be charged to Deposit Account No. 602214 maintained by Applicant's attorney.

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Respectfully submitted,

STANTON IP LAW FIRM, P.A.

Attorney for Applicant

/Thomas H. Stanton/

Thomas H. Stanton, Esq.

Registration No. 75808

Date: February 18, 2019

SEND CORRESPONDENCE TO:

Thomas H. Stanton, Esq.

Customer No.: 152131

Deposit Account No. 602214

TEL.: 813-421-3883

Email: tstanton@stantoniplaw.com

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018


Appendix 1.

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 1

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 2

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 3

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 4

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 5

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



**Step 1 - Locate inmate**

To process mail, enter the inmate's ID number or last name. This will search the inmate roster for active inmates that we can process mail for. The inmate's name and ID should match the received mail and the location should match the appropriate PO Box that the mail was delivered to. If an active inmate is found the inmate accounts will be searched as well. If the inmate is not active or cannot be found the mail should be left unopened and marked to "return to sender" and returned.

Search

Show Search

**Found 2 matches...**

| Name | ID | Location | Gender | Status |
|------|-----|----------|--------|--------|
| BAILEY, CHRISTINA | 852285 | FL-Martin County Jail | Female | Current |
| BAILEY, ROBERT | 846914 | FL-Martin County Jail | Male | Inactive |

FIG. 6

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 7

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 8

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018



Replacement Sheet

FIG. 9

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 10

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 11

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 12

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 13

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet

## Postal Mail Addresses

This facility is now processing postal mail through a Mail Processing Center. Regular postal mail will be received at an off-site facility, scanned into an electronic format, and then delivered to you through this kiosk. Privileged mail from attorneys and larger parcels such as books, magazines, or other approved materials can be sent directly to the jail at the address below. All other mail should be sent to the Smart Communications Mail Processing Center. Regular postal mail received at the facility will be rejected and returned.

### Privileged Attorney Correspondence

NOTE: Privileged mail from your attorney must be clearly marked as such.

> Sample County Jail
> ATTN: Jacket #12345
> 321 County Rd.
> Somewheresville, FL 34241

### Books, Magazines, and Other Approved Parcels (See Inmate Handbook)

> Sample County Jail
> ATTN: Jacket #12345
> 321 County Rd.
> Somewheresville, FL 34241

### All Other Mail, Personal Mail, Postcards, Letters, etc.

> Inmate Name #12345
> c/o Mail Processing Center
> 5406 Airport Rd.
> Tampa, FL 33609

### Return to My Postal Mail

FIG. 14

pg. 27

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 15

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 16

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 17

Appl. No. 15/153,171
Filing date: May 12, 2016
Reply to Office action of September 27, 2018

Replacement Sheet



FIG. 18