US010291617B2

(12) **United States Patent**
Logan

(10) Patent No.: **US 10,291,617 B2**
(45) Date of Patent: **May 14, 2019**

(54) **CORRECTIONAL POSTAL MAIL CONTRABAND ELIMINATION SYSTEM**

(71) Applicant: **HLFIP Holding, Inc.**, Tampa, FL (US)

(72) Inventor: **Jonathan D. Logan**, Tampa, FL (US)

(73) Assignee: **Valet Living**, Tampa, FL (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 420 days.

(21) Appl. No.: **15/153,171**

(22) Filed: **May 12, 2016**

(65) **Prior Publication Data**

US 2016/0337360 A1    Nov. 17, 2016

**Related U.S. Application Data**

(60) Provisional application No. 62/286,046, filed on Jan. 22, 2016, provisional application No. 62/160,054, filed on May 12, 2015.

(51) **Int. Cl.**

| | | |
|---|---|---|
| *H04L 29/06* | (2006.01) | |
| *H04L 12/58* | (2006.01) | |
| *G06K 9/00* | (2006.01) | |
| *G06K 9/34* | (2006.01) | |

(52) **U.S. Cl.**
CPC .......... *H04L 63/10* (2013.01); *G06K 9/00442* (2013.01); *G06K 9/344* (2013.01); *H04L 51/08* (2013.01); *H04L 51/12* (2013.01); *H04L 63/0245* (2013.01)

(58) **Field of Classification Search**
None
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,917,925 A | 6/1999 | Moore | |
| 6,463,127 B1 * | 10/2002 | Maier | ................. G07C 9/00158 379/38 |
| 6,609,196 B1 * | 8/2003 | Dickinson, III | ........ H04L 51/12 713/154 |
| 7,502,451 B2 | 3/2009 | Gyllenskog et al. | |
| 7,693,942 B2 | 4/2010 | Nale | |
| 7,742,581 B2 | 6/2010 | Hodge | |
| 7,804,941 B2 | 9/2010 | Keiser et al. | |
| 8,204,177 B2 | 6/2012 | Harper | |
| 9,178,862 B1 | 11/2015 | Daniel | |
| 9,311,627 B1 * | 4/2016 | Shipman, Jr. | ........ G06Q 10/107 |

(Continued)

OTHER PUBLICATIONS

Armstrong et al., Digital System, Evidence and Forensics Issues in Correctional Environments, 2010 IEEE, 9 pages (Year: 2010).*

(Continued)

*Primary Examiner* — Jeffrey C Pwu
*Assistant Examiner* — Baotram Tran
(74) *Attorney, Agent, or Firm* — Stanton IP Law Firm, P.A.

(57) **ABSTRACT**

A method and system for eliminating contraband in postal mail at a correctional facility comprising a central processing facility and a network of inmate email kiosks and correctional institution staff review stations. The postal mail utilizes scanning stations to create electronic versions of the mail and associates various information about the sender, recipient, mail contents, and institution into a format that is easily reviewable and provides tracking data. The scanned mail may then be made available to the intended inmate and institution staff. Institution staff may also then access the associated information and tracking data.

**17 Claims, 18 Drawing Sheets**



**US 10,291,617 B2**

Page 2

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 2003/0074477 A1* | 4/2003 | Fukushima | H04L 29/06<br>709/246 |
| 2006/0245559 A1* | 11/2006 | Hodge | H04L 51/066<br>379/88.19 |
| 2010/0299761 A1* | 11/2010 | Shapiro | G06Q 10/107<br>726/28 |
| 2013/0179949 A1* | 7/2013 | Shapiro | H04L 51/12<br>726/4 |
| 2013/0226678 A1* | 8/2013 | Perna | H04L 51/04<br>705/14.4 |
| 2014/0006148 A1* | 1/2014 | Perna | H04L 51/38<br>705/14.49 |
| 2014/0136628 A1 | 5/2014 | Davis, Jr. et al. | |
| 2014/0229558 A1 | 8/2014 | Ricci | |
| 2015/0215254 A1* | 7/2015 | Bennett | H04L 51/12<br>709/206 |
| 2015/0373031 A1* | 12/2015 | Hockings | H04L 63/123<br>726/7 |

OTHER PUBLICATIONS

Bisson et al., Methods for the Prevention of the Use of Mobile Phones in Correctional Institutions, 2012 Crown, 9 pages (Year: 2012).*

Dhanalakshmi etal., An Intelligent Technique to Detect File Formats and Email Spam, 2010 India, 6 pages (Year: 2010).*

Gregory Gearhart, Controlling Contraband, 2006 CT Feature, 3 pages (Year: 2006).*

Micheal L. Stern, Prison Mail Censorship: A Non-constitutional Analysis, 1972 HeinOnline, 47 pages (Year: 1972).*

6 Services to Send and Receive Snail Mail Through the Web; http://www.instantfundas.com/2008/04/6-services-to-send-and-receive-snail.html Dec. 31, 2008.

* cited by examiner



FIG. 1



FIG. 2



FIG. 3



FIG. 4

FIG. 5

Step 1 - Locate Inmate

To process mail, enter the inmate's ID number or last name. This will search the inmate roster for active inmates that we can process mail for. The inmate's name and ID should match the received mail and the location should match the appropriate PO Box that the mail was delivered to. If no active inmate is found the inactive accounts will be searched as well. If the inmate is not active or cannot be found the mail should be left unopened and marked as "return to sender" and returned.

Search

Show Search

Found 2 matches...

| Name | ID | Location | Gender | Status |
|---|---|---|---|---|
| BAILEY, CHRISTINA | 852285 | FL-Martin County Jail | Female | Current |
| BAILEY, ROBERT | 840834 | FL-Martin County Jail | Male | Inactive |

FIG. 6

FIG. 7

Step 3 - Scan Mail

To: OMBUDSMAN BAILEY (IDOC265) at Ft. Marion County Jail

Please verify that the inmate information above is correct before proceeding, if the information matches the mail recipient please proceed with the scanning process. Once the scan is complete, click "refresh" below to show the scan file.

Scanned File

No Scanned File Found

FIG. 8

Case 1:20-cv-00186-JPW   Document 83-1   Filed 07/23/21   Page 11 of 28

FIG. 9

U.S. Patent     May 14, 2019     Sheet 10 of 18     US 10,291,617 B2



FIG. 10

FIG. 11



FIG. 12



FIG. 13

## Postal Mail Addresses

This facility is now processing postal mail through a Mail Processing Center. Regular postal mail will be received at an off-site facility, scanned into an electronic format, and then delivered to you through this kiosk. Privileged mail from attorneys and larger parcels such as books, magazines, or other approved materials can be sent directly to the jail at the address below. All other mail should be sent to the Smart Communications Mail Processing Center. Regular postal mail received at the facility will be rejected and returned.

### Privileged Attorney Correspondence

NOTE: Privileged mail from your attorney must be clearly marked as such.

> Sample County Jail
> ATTN: Jacket #12345
> 321 County Rd.
> Somewheresville, FL 34241

### Books, Magazines, and Other Approved Parcels (See Inmate Handbook)

> Sample County Jail
> ATTN: Jacket #12345
> 321 County Rd.
> Somewheresville, FL 34241

### All Other Mail, Personal Mail, Postcards, Letters, etc.

> Inmate Name #12345
> c/o Mail Processing Center
> 8408 Airport Rd.
> Tampa, FL 33609

Return to My Postal Mail

FIG. 14

FIG. 15

FIG. 16

FIG. 17



FIG. 18

US 10,291,617 B2

1

# CORRECTIONAL POSTAL MAIL CONTRABAND ELIMINATION SYSTEM

This application claims priority to prior U.S. Provisional applications 62/160,054, filed on May 12, 2015, and 62/286, 046, filed on Jan. 22, 2016, each of which is hereby incorporated by reference in its entirety.

This application includes material which is subject to copyright protection. The copyright owner has no objection to the facsimile reproduction by anyone of the patent disclosure, as it appears in the Patent and Trademark Office files or records, but otherwise reserves all copyright rights whatsoever.

## FIELD OF THE INVENTION

The presently disclosed invention relates in general to the field of postal mail delivery, and in particular, to a system and method for providing copies of postal mail to individuals incarcerated in a correctional facility in a safe manner in order to ensure the elimination of any contraband and reduce administrative costs for the correctional facility.

## BACKGROUND

Methods for the delivery of postal mail and electronic mail to inmates are known in the art. Procedures or methods for dispensing mail via traditional postal systems have been described in U.S. Pat. No. 5,917,925. Systems for using electronic messaging in institutions, such as prisons, have been described in U.S. Pat. No. 7,502,451. Such publications are incorporated herein by reference. Such procedures, however, do not adequately address the conversion of postal mail to electronic mail for the elimination of any contraband being delivered to prison inmates. Embodiments of the presently disclosed invention address such limitations, inter alia, by providing an improved system and method for the elimination of contraband in correctional postal mail via the delivery of electronic copies of such postal mail.

## SUMMARY

The present inventions provides a system and method for eliminating contraband in postal mail for a correctional facility. Staff at a central facility may receive postal mail for inmates. Upon receipt of the mail, the postal mail may be reviewed for information. Such information may be addressee or recipient inmate information, sender information, institution information, or any other information discoverable upon review or analysis of the postal mail. Additionally, upon receipt of the postal mail, an analysis or screening of the mail for contraband may optionally be performed. Once information is retrieved from the mail, the information may be associated with the intended recipient inmate, such as through an inmate email account. The postal mail may then be scanned to create an electronic copy. The electronic copy may be stored, such as on a server which may be accessed over a network. The electronic copy may include any and all information obtained from the postal mail, and additional information such as whether contraband was found in the postal mail. Other tracking data, such as how many times a specific sender has sent mail to a specific inmate may also be associated with the electronic copy, such as through a log or database.

Once the electronic record of the postal mail, which may include the electronic copy and any associated information, is stored on a server, the electronic record may be viewed by

2

institution staff. Upon review, the staff may determine if the electronic copy of the postal mail may be accessed by the intended recipient inmate. If access is permitted, the electronic record may be made available to the intended recipient inmate via an email kiosk, which may be a fixed, or a portable device. Additional information may be associated with the electronic record, such as date and time of each access by the inmate or institution staff.

## BRIEF DESCRIPTION OF THE DRAWINGS

The foregoing and other objects, features, and advantages of the invention will be apparent from the following more particular description of embodiments as illustrated in the accompanying drawings, in which reference characters refer to the same parts throughout the various views. The drawings are not necessarily to scale, emphasis instead being placed upon illustrating principles of the invention.

FIG. 1 illustrates a block diagram of the manual method of delivering postal mail to inmates in a correctional institution;

FIG. 2 illustrates a block diagram of an embodiment of a method and system, in accordance with certain embodiments of the invention, in which postal mail processing occurs within a correctional facility;

FIG. 3 illustrates a block diagram of an embodiment of a method and system, in accordance with certain embodiments of the invention, in which at least a portion of postal mail processing occurs at a central mail processing center capable of serving a plurality of correctional facilities;

FIG. 4 illustrates a flowchart showing certain steps that may conveniently be carried out in the mail processing centers illustrated in FIGS. 2 and 3 in connection with certain embodiments of methods and systems of the invention;

FIG. 5 illustrates a display that may conveniently be used in connection with steps illustrated in FIG. 4 and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. 6 illustrates a display that may conveniently be used in connection with steps illustrated in FIG. 4 and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. 7 illustrates a display that may conveniently be used in connection with steps illustrated in FIG. 4 and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. 8 illustrates a display that may conveniently be used in connection with steps illustrated in FIG. 4 and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. 9 illustrates a display that may conveniently be used in connection with steps illustrated in FIG. 4 and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. 10 depicts a scanned item of postal mail that may conveniently be displayed in connection with steps illustrated in FIG. 4 and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. 11 illustrates a display that may conveniently be used in connection with steps illustrated in FIG. 4 and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. 12 illustrates a display that may conveniently be used in connection with steps illustrated in FIG. 4 and

US 10,291,617 B2

3

suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. **13** illustrates a display that may conveniently be used by inmates in a correctional facility and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. **14** illustrates a second display that may conveniently be used by inmates in a correctional facility and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. **15** illustrates a third display that may conveniently be used by inmates in a correctional facility to display scanned postal mail and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. **16** illustrates a display that may conveniently be used by staff in a correctional facility or investigators and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. **17** illustrates a second display that may conveniently be used by staff in a correctional institution or investigators and suitable for use in with certain embodiments of methods and systems according to the present invention;

FIG. **18** illustrates a schematic representation of an architecture suitable for use with embodiments of the system and method according to the present invention consistent with FIG. **3**.

## DETAILED DESCRIPTION OF THE EMBODIMENTS

Reference will now be made in detail to the embodiments of the presently disclosed invention, features of which are illustrated in the accompanying drawings.

Postal mail is a federal right to U.S. citizens incarcerated in a correctional agency within the United States. Traditionally, postal mail sent to an incarcerated individual is searched by hand and may be scanned through a contraband detection machine to detect for drugs, weapons, chemicals, and poison, and then hand delivered to the inmate. Stamps and stickers may also be removed as a further security measure. Either the inspected mail or a photocopy (for added security) is then delivered by facility personnel to the inmate. In some correctional agencies, postal mail sent to the facility is limited to only postcards in an effort to reduce administrative cost and handling time.

This manual process for processing postal mail is illustrated in FIG. **1**. Magazines **12**, Attorney Mail **14**, and other Postal Mail **10** (jointly "mail") are received at correctional facility **20**, and sent to an in-facility manual mail processing center **22**. Facility mail processing staff **30** then review and process the mail to verify recipient inmates, identify contraband and illicit content, etc. Such contraband or illicit content may include pornography, dangerous objects or criminal communication. Reviewed mail determined to be appropriate for delivery is then delivered to recipient inmates **34** by facility delivery staff **32** (which may or may not be the same persons as facility mail processing staff **30**).

Postal mail contraband sent to correctional facilities is a daily problem and security risk that every correctional agency must combat. Many manual processes such as those described in connection with FIG. **1** have been used to reduce the chances of contraband reaching the recipient inmates. These processes are labor intensive, expensive and time consuming for the staff of the correctional facility, and they delay mail delivery to the recipient. Although these steps help reduce the problem of the transmittal of contra-

4

band, they do not entirely eliminate contraband. Common practice to combat contraband in the postal mail including: hand searching each piece of mail; testing or scanning mail for drugs, chemicals, and poison; removing stamps, photos, and stickers; and making photocopies of mail to be hand delivered to an inmate instead of the original item that was mailed to facility.

One objective of the presently disclosed system and method is an application in which such problems are reduced by, where possible, delivering electronic copies to inmates as opposed to physical copies. In such an embodiment, contraband cannot reach the inmate because an electronic copy is made of the postal mail and that electronic copy transmitted to the inmate for viewing on a kiosk or portable device. The possibility of any contraband reaching the inmate is thereby eliminated for all practical purposes. In addition, because physical copies are not provided to the inmate, the processing required when postal mail **10** is received (such as removing stamps or analyzing for substances incorporated into the paper) can be reduced. A further benefit is that an electronic form of the postal mail is delivered electronically to the inmate without the correctional institution staff having to hand deliver the mail. Accordingly, in addition to reducing contraband risk, certain embodiments may include the benefits of reducing manual labor, reducing staff and inmate interaction, and reducing foot traffic inside the facility, all of which can be benefits in a correctional environment.

Furthermore, often with postal mail, there is no record of the piece of mail once it has been delivered to the inmate, unless a copy was made and saved by the prison's staff. Where copies are made, such copies are most often physical copies and are hard to search or for outside investigators to access. In certain embodiments of the present invention, security is enhanced because every piece of postal mail **10** can be documented, saved electronically, and in many cases, made searchable for further review by prison staff and detectives, and may be linked to the specific inmate to whom the postal mail was addressed. Further, additional information, such as sender information, may be associated with the with the electronically saved mail. Specific sender information may then be linked or associated with individual inmates or groups of inmates. The association of sender information with specific inmates may allow for the discovery of trends or patterns of mail delivery to specific inmates, or by specific senders, or even to specific institutions or groups of institutions. Mail may thus be reviewed under an inmate's postal mail history on the system, in accordance with some embodiments. Mail thus may be also reviewed under a senders postal mail history on the system, in accordance with some embodiments.

It will also be understood that, when physical mail is to be delivered, the delivery is most often to the facility where the inmate is housed. This means that each such facility must separately implement the receiving and distribution procedures discussed above, often using institution staff that have other important responsibilities. Embodiments of the present invention allow multiple facilities to receive postal mail at a central location, thereby offering further opportunities for cost savings and security enhancement. Only magazines **12** and attorney mail **14** need to be physically delivered to the facility. Magazines **12** and attorney mail **14** typically require less processing, in part, because they are sent to the inmate by third parties other than friends, business associates and family members, and who are unlikely to attempt to deliver contraband to the inmate. The result is that only a smaller amount of comparatively low-risk mail need be processed

US 10,291,617 B2

5

by the institution staff, with the higher-volume, higher-risk postal mail **10** being processed by a centralized receiving center.

As is noted above, an advantage of some embodiments for the present invention may be a practically complete elimination of contraband in postal mail for the corrections industry. Another benefit may be a system embodiment that delivers postal mail to inmates electronically, without staff having to hand deliver postal mail. A further benefit may be improved record keeping. Certain embodiments may thus improve agency security, reduce manual labor, and increase postal mail efficiency in correctional agencies.

While an inmate email system for inmates housed by correctional agencies can provide inmates a contraband-free written communication alternative to postal mail, such email systems do not combat contraband in postal mail. Even if email systems are provided, postal mail must also be allowed as a federal right to inmates. The introduction of email systems may have helped reduce postal mail volume being sent to correctional agencies, allowing the agency to focus on a smaller volume of postal mail that does come into the facility. However, email systems have not replaced postal mail and have not otherwise directly impacted postal mail handling. Conventional email systems were merely introduced as an alternative to postal mail and were not meant to stop contraband in postal mail. Postal mail is thus still reaching inmates and still creates contraband issues for facilities. Because contraband is being sent in that postal mail, it is impossible to completely eliminate contraband reaching the inmate because not all of the transmitted contraband can be detected (for example, lacing letters with drugs or poison, or finding previously undiscovered ways of hiding hard-to-detect weapons in postal mail). Even with the current methods and technology in place, some mail with contraband may still pass through detection by both humans and technology.

In correctional facilities, inmate communications with the outside world are intentionally limited. Postal mail is the oldest form of communication in the corrections industry. Contraband being sent through postal mail has thus been a problem since the beginning of corrections hundreds of years ago, yet the same basic process is still used today and federal law has created a right for inmates to receive postal mail. Postal mail is sent into a correctional facility, and even though some inspection processes are in place, that postal mail traditionally gets hand delivered to the inmate the same way it was hundreds of years ago. Since the ability to receive postal mail is required by law and the corrections environment promotes limited controlled communication, any change as to how postal mail reaches inmates has been discouraged. As payment for the postal mail has already been made to the postal service, there has been no financial incentive for anyone to invest money or technology to improve the way inmates received their postal mail.

In order for inmates to be able to receive electronic copies of their postal mail, an investment is required to implement embodiments of the presently disclosed system and method. Since inmates may not be charged additional money for delivery of postal mail over and above the postal service fee, there has been no financial incentive for facility to invest this capital. The labor cost savings and the benefit of essentially eliminating the chance of any contraband reaching inmates through the mail, can justify an investment and can also result in further advantages such as reducing the carbon footprint of mail delivery, improving security throughout the country, reducing recidivism, lowering the cost of incarceration per inmate, and lowering the burden on tax payers

6

across the country. Costs may still be seen as prohibitive if it is necessary to implement an electronic infrastructure to deliver scanned mail to inmates. However, in facilities where kiosks or portable devices are already in use by inmates for the purpose of providing other paid services (for example email or video visitation), the cost of implementing embodiments of the present invention are reduced and may also be offset by other revenue streams for the facility, resulting from other services delivered through such devices. In certain embodiments of methods according to the present disclosure, processing of postal mail **10** by a third-party facility may be offered at little or no cost to the facility by a third-party kiosk or email vendor.

Embodiments of the presently disclosed invention thus enable postal mail that is sent to correctional facilities to be reduced to an electronic copy and delivered to the inmate electronically, thereby essentially eliminating the chance that mailed contraband will reach the inmate. FIG. **2** illustrates an embodiment according to the present disclosure that is implemented within a correctional facility **20**, but using a remote or cloud-based data center **100**. The postal mail **10** is received into in-facility manual mail processing center **200**. Comparatively lower-risk magazines **12** and attorney mail **14** are processed and delivered by manual delivery. For other postal mail **10**, the contents and the envelope may be loaded into a scanner station **210**. In some alternative embodiments, where some institutions may only allow post cards to be sent to inmates, the post cards may be loaded into a scanner station. Scanner station **210** may comprise a computer or portable device connected to a scanner, or a camera, and capable of creating an electronic image of the postal mail **10**, thereby reducing the postal mail to an electronic form. In some embodiments, the electronic form may come in multiple parts. For example, an envelope may be scanned thereby capturing the sender information and the recipient inmate information. The contents of the envelope may then be scanned capturing the content information. The recipient inmate information may be used to associate the electronic image or version to an inmate email account or other inmate designation. Additionally, this information may be logged or stored. Additional information such as the date received, date scanned, or other related information may logged as well. High speed scanning technology may be used for high volume applications. The scanned image may be uploaded into a software system, and the software system may prompt the user (e.g. correctional agency staff) either before or after the scanning is performed for the inmate's identification. This may be the inmate's prison number, the inmate's name, or some other unique identifier. The inmate identifier may be entered by the facility staff **32** (e.g., by selection from a presented list), and the software system may then retrieve the inmate's account based on the identifier that was entered into the system. The staff or user may then confirm that the postal mail, in electronic form, has been sent to the correct inmate identified in the software system, which may conveniently be implemented in a local, remote, or cloud-based data center **100**. The staff may also enter the postal mail sender information. In certain embodiments, redaction of obscene material may also be performed at this stage either electronically or prior to scanning. After scanning, the original may either be stored or destroyed according to the policies of the correctional facility **20** and any legal requirements.

Magazines **12** and attorney mail **14**, which must be delivered to inmates **34** in physical form, (after any required processing or logging) are provided to other institution staff **32** for deliver to inmate **34**. Postal mail **10**, however, is

US 10,291,617 B2

7                                                                                              8

delivered to inmates **34** through computer terminal **400**, which may conveniently be a kiosk, such as is used to deliver email to inmates, a portable device such as a tablet or MP4 player, or a worn device used by inmates, or any other electronic device with a display capability and a network connection capability, by the system in data center **100**. Where other institution staff **32** need to monitor electronically delivered postal mail for investigative or other appropriate reasons, workstations, computers, or portable devices **500** can access an institution staff interface implemented by the system hosted in data center **100**.

Other intermediate steps may also take place in certain embodiments. In certain embodiments, once the mail processing staff **30** confirms the correct inmate as the recipient of the particular postal mail **10**, and the staff submits the electronic form of the postal mail to the inmate's account, an electronic copy of the postal mail may be delivered electronically to the inmate's postal mail account via a computer terminal **400** (e.g. a kiosk within the correctional facility) wired or wireless, or via a computer terminal (not illustrated) located inside the inmate's housing unit, or on a wireless mobile device (e.g. a handheld tablet, smartphone, laptop, MP4 player, or worn device) not illustrated. The inmate may log into his or her account by access through the above mentioned devices in order to view the electronic copy of the postal mail **10**, or may download a copy on a mobile device in order to view it, in the same manner that inmate email is delivered today, such as through an inmate email account, except that the delivery may be an image of the original (in a format such as PDF) instead of a text-only message. Optical character recognition of the scanned message (either as part of scanning or later) may be used to make the images text-searchable by institution staff, investigators or inmates, depending on the needs of the facility. Where handwriting is not susceptible to optical character recognition, manual transcription may be used either before or after the scanned image is made available to inmate **34**.

All postal mail **10** may be memorialized in the system for each inmate, in accordance with certain embodiments. Mail processing staff **30** may upload and hold postal mail for review before it is released and thereby made accessible to the inmate. The staff **30** may reject postal mail so the inmate cannot view the postal mail even after it has been uploaded to the system. In some embodiments, the processing staff **30** and institution staff **32** may review, search, print, forward, add notes, flag, delete, each postal mail that has been uploaded to the system for each inmates account. Whereas attorney mail **14** may be delivered in physical form, without review by processing staff **30** or institution staff **32** to preserve confidentiality, other procedures may also be put in place for communications from legal counsel to ensure such communications remain private such as automated opening and scanning and flagging of the messages so that staff cannot access the images of them. Additionally, the electronic copies of certain postal mail may be flagged based on sender information or the discovery of contraband. For example, if a specific sender has repeatedly sent postal mail which contained contraband, any postal mail from that sender may be indicated for review by a flagging of the scanned copies. It is understood that a correctional institution may desire to flag scanned version of postal mail for any number of reasons to further tracking, investigation and review, and all of these reasons are considered within the scope of the exemplary embodiments disclosed.

Referring to FIG. **3**, embodiments according to the present disclosure my utilize a single mail processing center **200'** that receives postal mail **10** for one correctional facility **20**

or a plurality of correctional facilities **20**, **20'**, **20"**. In such embodiments, institution staff **32** may receive attorney mail **14** and magazines **12** for physical delivery to inmates **34** with limited review and pre-processing. Other postal mail **10** would be received by outside mail processing center **200'**, in which processing staff **30'** would receive and process postal mail **10**, perhaps for a plurality of correctional facilities. Scanning station(s) **210'** would be used to create scanned images of postal mail **10** and upload them to a system in data center **100**, which may be physically within mail processing center **200'**, or remote from it, or cloud-based. Certain steps of the processing within mail processing center **200'** are illustrated in FIG. **4**, with example displays shown in FIGS. **5-11**.

As illustrated in step **1** of FIG. **4**, and via the sample display in FIG. **5**, when a piece of postal mail **10** is received, it is determined if the addressee is an inmate capable of receiving scanned mail. For example, a directory of inmate email accounts may be referenced. If the addressee is not capable of receiving mail, for example because the inmate was released or transferred prior to the date of receipt, the mail is marked "return to sender" and is deposited in outgoing mail as is shown in step **1b**. In some embodiments, the mail may be scanned and put into the system even if the inmate has been released. In that case, the system would forward that mail to the inmate outside of the correctional facility. In certain exemplary embodiments, the inmate may be able to log into his inmate email account from outside of the correctional facility to access email and scanned postal mail. In even further embodiments, scanned postal mail may be forwarded to third parties, such as family members. For example, where an inmate has been released for a period of time, and has left no forwarding information, the scanned postal mail may be forwarded to an attorney of record or next of kin. As is shown in FIG. **5**, identifying the recipient may be accomplished by searching a name or an identification number provided by the correctional facility and previously communicated to the sender of the postal mail per facility policies. Searches may be within a facility or across all facilities. In certain embodiments, the system housed in data center **100** may allow a given inmate to have aliases. In other embodiments, policies and procedures may require the use of a standard name or the marking of the envelope with a unique identification number. Where one or more matching inmates are found, the appropriate recipient may be selected from a list as shown in FIG. **6**. Selection may occur by a variety of means including by selecting the name (displayed as a hyperlink as illustrated) or through buttons, touch selection, or other selecting from a drop down or list box.

In step **2** of FIG. **4**, and as shown in the example display in FIG. **7**, the sender's name may be entered for tracking purposes. As illustrated, a list of prior senders may be displayed, any of which may be selected. Where the sender cannot be identified, or has not previously been entered into the system, the name and/or location, and any other information deemed appropriate for tracking, of the sender may be entered at this stage, after which the "proceed" control can be used to move to the next step.

As shown in step **3** of FIG. **4** and in the example display in FIG. **8**, the postal mail can then be prepared for scanning. Preparation may involve opening the envelope, initial review for obscene material, and trimming to a size suitable for scanning.

As shown in step **4** of FIG. **4** and illustrated in the example display in FIG. **9**, scanning may then be accomplished. This can be done in any variety of ways including

US 10,291,617 B2

9                                                    10

by placing a scan control on the screen (not illustrated), or by utilizing the interface of the scanner itself (not illustrated). The scanner may be a network device or may be connected to the workstation being used. The scanner will then assign a unique identifier to the file scanned (preferably a GUID to avoid duplication among scanners), and present it as pdf file. Clicking a "preview scan" link or similar control can cause a copy of the scanned image (as shown in FIG. **10**) to be displayed. This allows the worker to associate the image with the inmates account (step **5**) and review the scanned copy for legibility (step **6**). As is shown in the sample display illustrated in FIGS. **11** and **12**, if legibility is not sufficient, a new scan can be performed either replacing or supplementing the original scan, as required by facility policies.

Once the scan is deemed acceptable further review and processing may occur, as shown in step **7** of FIG. **4**. Such processing may involve one or more of redacting obscene content, manually flagging the communication for investigation, optical character recognition (to enable searching), printing to create a physical copy, forwarding to an investigative agency, or adding notes or comments for later review by investigators or institution staff or the inmate. Once the review process is complete, the scanned image is made available to the inmate as is further described below, or is held for further review and release according to facility policies. Where electronic searching is desired by the facility, and optical character recognition fails to adequately read the contents, the scanned image may be manually transcribed (step **8**), with a text version being associated with the scanned image by the system. Transcription and optical character recognition are optional and may be used not at all, on particular messages flagged for transcription in step **7**, or for all messages not amenable to optical character recognition.

FIG. **13** illustrates an example display that an inmate **34** would see on a computer terminal **400** when a scanned image of postal mail **10** is delivered electronically. In the illustrated embodiment, postal mail delivery is combined with other features of an inmate kiosk including email capability, photo delivery, requests to facility administration, grievances, etc. When Postal Mail is selected, a list of scanned postal mail **10** is provided, with icons and type face being used to indicate if the message has been read. As illustrated, the control View Postal Mail Addresses is provided to enable the inmate **34** to see the addresses to which postal mail may be sent. Activating that control, in the illustrated embodiment, takes the inmate to the example display illustrated in FIG. **14**. As has been noted above, certain postal mail (including attorney mail **14**, magazines **12**, books (not illustrated) and other approved parcels (not illustrated)) may not be amenable to electronic delivery and, therefore, are more conveniently sent to the facility in which inmate **34** is housed. The illustrated example screen provides instructions explaining the addresses to which different types of postal mail should be sent according to facility policy.

Referring again to FIG. **13**, if an item of postal mail **10** is selected by selecting the hyperlink in the "From" column or the icon next to the hyperlink, the scanned version of postal mail **10** can be displayed to the inmate **34** (with redactions if applicable). FIG. **16** illustrates an example display showing a scanned version of postal mail **10**.

In a controlled environment such as a correctional facility, postal mail is subject to review and analysis by institution staff and, sometimes, investigative personnel. FIG. **16** shows an example display of an administrative interface intended

for use by institution staff or investigators. As illustrated, the interface is integrated with the facility administrative interface for email and other inmate communication functions accessible to inmates through computer terminal **400**. Selecting "Postal Mail" invokes a search interface that allows personnel to search for particular messages. Searching may conveniently be enabled by keyword (for messages that have undergone optical character recognition or transcription), name, date, recipient, sender, or any other field associated with messages. The more detail entered when the postal mail **10** is initially processed, the more search options can be presented. Flags are used to call attention to particular messages. Flags may be set manually (using predefined categories) by institution staff **32** or mail processing staff **30**. Flags may also be set automatically based on analysis of the message and its metadata. Examples of automatic flagging could include flagging messages from predefined individuals or locations (e.g. cities or countries or addresses) and flagging messages based on keywords in the message body. By clicking on a message, the details of the message are shown, as illustrated on FIG. **17**. In addition to the content of the message and the scanned image being made available, staff may also manually flag or reassign a message to a different inmate. Erroneous messages can also be deleted. By accessing the link to the scanned image, the message can also be printed or forwarded to another person. Each function could, in certain embodiments, also be accessed through controls made available on the message detail display. Status information, such as whether the message has been reviewed, and what flags have been attached, may also be shown, for example, on the right hand side of the display. In certain embodiments, each step of accessing, reviewing, and updating each message can be logged in database tables or log files for auditing purposes.

FIG. **18** illustrates a block diagram of an embodiment for postal mail **10** coming into correctional facility **20** through mail processing center **200** or **200'**.[1] Receiving facility terminal(s) **910** may be computers, tablets, or dumb terminals for use by facility personnel. Receiving facility terminal(s) **910** are connected electronically to scanner(s) **920**. Scanner(s) **920** may be connected to individual receiving facility terminal(s) **910** as shown or may be on a common network (not illustrated). In certain embodiments scanner(s) **920** may be in the correctional facility and in others they may be in a remote location such as a central processing facility. In other embodiments, one or more high speed scanners (not illustrated) may be shared by multiple receiving facility terminals **910**.

Receiving facility terminal(s) **910** are connected by a local area or wide area network (not shown) to one or more server **930** in a data center **100**. Preferably, server **930** provides a web server that delivers the screens used by receiving facility terminal(s) **910** as web pages, which may include active controls capable of controlling scanner(s) **920**. Server **930** preferably is connected to database **940** which may contain records of the inmates in the correctional facility, records of postal mail processing and viewing, text indexes of electronic messages, and records of the personnel responsible for such processing. If the postal mail system is

[1] It should be noted that in FIGS. **2** and **3**, scanner station **210**, **210'** are referenced. In FIG. **18**, Receiving Facility Terminal **910** and Scanner **920** are referenced separately. It will be understood that scanner station **210**, **210'** shown in FIGS. **2** and **3** comprise the combination of Receiving Facility Terminal **910** and Scanner **920** illustrated in FIG. **18**. Similarly, whereas FIGS. **2** and **3** refer to computer terminal **400** (which may be a variety of electronic devices used by an inmate), in the system embodiment illustrated in FIG. **18**, Inmate Kiosk **950** and Inmate Portable Device **960** (both of which are examples of computer terminal **400** shown in FIGS. **2** and **3**) are shown separately for exemplary and discussion purposes.

US 10,291,617 B2

11

12

integrated with an electronic mail, video visitation or other system, a common database **940** can be used to support all features. Where electronic messages are scanned using optical character recognition, such scanning may occur on scanner(s) **920**, receiving facility terminal(s) **910** or server **930**. Alternatively, receiving facility terminals **910**, or other remote terminals (not illustrated) may be used to allow entering of transcribed messages. As will be understood by those of skill in the art, server **930** and database **940** may be on one or more separate servers, may be on a single server, or may be on one or more of receiving facility terminal(s) **910**.

Inmate kiosk(s) **950** and inmate portable device(s) **960** are electronically connected to server **930** through a local area network or wide area network, either of which may be wired or wireless. It will be understood that inmate kiosk(s) **950** and inmate portable device(s) **960** are examples of computer terminals **400** described above. Inmate kiosk(s) **950** may conveniently be the same kiosk(s) used for purposes such as email delivery, commissary ordering, video visitation, and/ or other services such as the SmartKiosk™ offered by Smart Communications. Alternatively, inmate kiosks **950** may be kiosks dedicated to delivery of electronic images of postal mail.

Inmate portable device(s) **960** may be portable tablets, music players, smart phones, or other portable devices used by inmates and capable of communicating with server **930** through a network connection. In certain embodiments (not illustrated) inmate portable device(s) **960** may include the ability to download messages from server **930** while connected to a network, for later viewing when not connected to the network.

As discussed above, server **930** may conveniently deliver the interface to inmate kiosk(s) **950** and/or inmate portable device(s) **960** as web pages, thereby minimizing the need for custom client software. As coordination and viewing is controlled by server **930** in such embodiments, server **930** may monitor and log such accesses (either in log files or database tables as appropriate).

It will be understood by those of skill in the art that either inmate kiosk(s) **950** or inmate portable device(s) **960**, or both, may be used in a single installation and that the number of each may be one or many depending on available network bandwidth and the capabilities of server **930**. Some installations may thus only have a single inmate kiosk **950** or a single inmate portable device **960**, while other installations have one or more of each.

As has been discussed above, there are times when it may be necessary for institution staff or outside investigators to have access to processed postal mail. In-institution staff/ investigator terminal(s) **500** (within the correctional facility) and outside-institution staff/investigator terminals **500'** can be used for this purpose. Such terminals may be computers, laptops, dumb terminals, virtual machines, kiosks or any other electronic device with a display and the ability to connect to server **930** through a network. Login credentials and other user identification means known in the industry (e.g. 2-step authentication, biometrics, hardware identification, electronic key devices and the like) may be used to identify authorized staff and investigators and enhance system security.

While the invention has been particularly shown and described with reference to an embodiment thereof, it will be understood by those skilled in the art that various changes in form and details may be made therein without departing from the spirit and scope of the invention.

I claim:

**1**. A method for eliminating contraband in postal mail for one or more remote correctional facilities comprising, receiving postal mail at a central facility; identifying mail information comprising recipient inmate and inmate institution; identifying an inmate email account and the associated inmate identifier associated with said inmate; identifying sender information and recording it in a database containing the inmate identifier; identifying content information; associating said sender information and said content information with said inmate identifier; screening said postal mail for contraband; scanning said content information and sender information and generating a scanned electronic copy and a text-readable version of said electronic copy wherein said scanned electronic copy and said text-readable version are stored electronically in a database using the inmate identifier as the primary key; storing an electronic copy of said electronic copy and said text-readable version for electronic transmission to said recipient inmate; associating a contraband flag with said electronic copy and said text-readable version; associating said electronic copy and said text-readable version with an access flag, said access flag denies access to said inmate to said electronic copy and said text-readable version based on content or information contained in said electronic copy and said text-readable version; associating said electronic copy with said inmate email account and the associated inmate identifier; assigning the electronic copy with a unique identifier; presenting said electronic copy for review by institution staff; determining access to said electronic copy by said recipient inmate wherein access may be granted or denied based upon whether contraband was discovered in said postal mail; displaying said electronic copy of said postal mail to said recipient inmate associated with said inmate identifier on a remote kiosk capable of receiving and sending electronic mail; and logging the date of receipt and each access to said electronic copy by said recipient inmate or said institution staff, wherein the risk of said recipient inmate receiving contraband in postal mail is essentially eliminated.

**2**. The method of claim **1** wherein said electronic copy of said postal mail comprised of a scan representation of said postal mail envelope having said sender information and a scan representation of said contents and having said content information associated to said inmate identifier and further comprising the steps of scanning said envelope and scanning said contents.

**3**. The method of claim **1** wherein said step of screening said postal mail at said central facility for contraband wherein said contraband is selected from the group consisting of pornography, dangerous objects, or criminal communication.

**4**. The method of claim **1** wherein said step of screening said postal mail for contraband at said central facility comprises of performing chemical analysis on said postal mail.

**5**. The method of claim **1** wherein said email kiosk is a standalone kiosk in a shared access area of a correctional institution.

**6**. The method of claim **1** further comprising the step of providing said recipient inmate an option to forward said electronic copy to party outside of said recipient inmate's institution.

**7**. The method of claim **1** further comprising the step of providing access to said electronic copy from outside of said recipient inmate's institution wherein said recipient inmate may access said electronic copy after release.

**8**. The method of claim **1** further comprising pre-screening said sender for correspondence from legal counsel.

US 10,291,617 B2

13

**9**. The method of claim **8** further comprising the step of returning said correspondence to the sender and flagging said sender.

**10**. The method of claim **8** further comprising the step of forwarding said correspondence to the institution housing said recipient inmate.

**11**. The method of claim **9** wherein said institution staff flag said sender and notify said institution staff upon receipt of future correspondence from said flagged sender.

**12**. The method of claim **1** further comprising the step of said inmate staff printing said electronic copy and delivering said printed copy to said recipient inmate.

**13**. A system for eliminating contraband in postal mail for one or more correctional facilities comprising: receiving mail at a central facility, said central facility having a scanning station configured to create an electronic copy of said postal mail and convert said electronic copy to a text-readable version of electronic copy, said scanning station with an input interface adapted to attach recipient inmate information said electronic copy and said text-readable version of said postal mail and said electronic copy being assigned an unique identifier; and create associations between said electronic copy and said text-readable version and the associated inmate identifier associated with an inmate email account for an inmate at a correctional institution, said electronic copy also having an unique identifier assigned to the electronic copy, a record of the sender of the postal mail, and a log comprising the date and time the postal mail was scanned and said interface capable of associating

14

said electronic copy and said text-readable version with an access flag, said access flag denies access to said inmate to said electronic copy and said text-readable version based on content or information contained in said electronic copy; a server in communication with said scanning station and a network wherein said scanning station communicates said electronic copy and said log to said server over said network and said server stores said electronic copy and said log; an inmate kiosk in a remote correctional institution capable of receiving and sending electronic mail in communication with said server over a kiosk network wherein said recipient inmate may access said electronic copy through said kiosk, said kiosk being adapted to cause said server to log access of said electronic copy by said inmate using their unique inmate identifier; and a viewing station in communication with said server wherein correctional facility personnel may screen said electronic copy prior to allowing access by said inmate.

**14**. The system of claim **13** wherein said kiosk network is the internet.

**15**. The system of claim **13** wherein said kiosk comprises a mobile device.

**16**. The system of claim **13** wherein said kiosk comprises a standalone kiosk in a shared access area of a correctional facility.

**17**. The system of claim **13** wherein said electronic copy comprises text-readable material.

*   *   *   *   *

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.        : 10,291,617 B2                                        Page 1 of 1
APPLICATION NO.   : 15/153171
DATED             : May 14, 2019
INVENTOR(S)       : Jonathan D. Logan

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

On the Title Page

The name of the assignee at Item (73), should be changed from "Valet Living" to -- HLFIP HOLDING, INC. --.

Signed and Sealed this
Sixteenth Day of July, 2019

Andrei Iancu

Andrei Iancu
*Director of the United States Patent and Trademark Office*