August 9, 2021

VIA ECF FILING

The Honorable Christopher C. Connor
United States District Judge
Middle District of Pennsylvania

    Re:   *HLFIP Holding, Inc. v. York County, Pennsylvania et al,* Middle District of Pennsylvania, Case No. 1:20-CV-00186

Dear Judge Connor:

    Pursuant to the Discovery Procedures set forth in the Civil Practice Order [Dkt. 23] entered in this case, Plaintiff HLFIP Holding, Inc., d/b/a Smart Communications IP Holdings, ("Smart Communications") hereby requests a telephonic conference with the Court regarding a pressing discovery dispute that has arisen between the parties. Specifically, Smart Communications requests that the Court quash three subpoenas improperly served by Defendants York County, PA, York County Prison, and Adam Ogle (collectively, "Defendants") on Smart Communications' former lawyers that seek documents and information that are both protected from disclosure by the attorney-client privilege or work product doctrine and irrelevant to the claims and defenses in this action. Smart Communications also requests that the Court enter a protective order preventing Defendants from seeking related discovery in the future.

    Smart Communications requests a telephonic conference with the Court prior to August 12, 2021—the deadline to produce documents responsive to one of the three subpoenas. This issue is pressing because Defendants did not provide notice to Smart Communications when they served the third-party subpoenas in question and Smart Communications only recently learned that they were served. If the Court is unable to address this issue prior to the August 12, 2021, Smart Communications requests that the Court enter a temporary protective order relieving the subpoenaed third parties of their duty to respond and be deposed until the Court has an opportunity to rule on its requests to quash the subpoenas and for a protective order.

On July 7, 2021, Defendants emailed Smart Communications stating that "[a]s discussed during our May 7, 2021 meet-and-confer, Defendants intend to file a motion to amend their answer [to add inequitable conduct claims]. . . . We understand that Smart Communications opposes[.]" On July 9, 2021, Defendants' counsel informed counsel for Smart Communications that they intended to serve subpoenas on third parties Carlton Fields, P.A. ("Carlton Fields"), the law firm that represented Smart Communications in connection with the prosecution of U.S. Patent No. 10,291,617 (the "Asserted Patent"), and William G. Giltinan, the patent prosecuting attorney of the Asserted Patent. York County attached drafts of the subpoenas to its communication and requested that counsel for Smart Communications accept service.

On July 15, counsel held a telephonic meet-and-confer call during which counsel for Smart Communications informed Defendants' counsel that they did not represent Carlton Fields or Mr. Giltinan and could not accept service on either's behalf. Counsel for Smart Communications also explained that the proposed subpoenas would be improper for multiple reasons, including the fact that inequitable conduct was not an issue in this litigation and the sought-after communications are protected by attorney-client privilege, and that Plaintiff would promptly seek to quash the subpoenas and a protective order should they be served. Following the call, counsel for Smart Communications did not receive notice that subpoenas were affirmatively going to be served, and thus, it was Plaintiff's understanding that Defendants would refrain from serving these subpoenas based on Plaintiff's conveyed objections.

On July 16, Defendants filed a Motion for Leave to File Second Amended Answer, Affirmative Defenses, and Counterclaims to assert claims that the patent was procured by inequitable conduct. (*See* Dkt. 76 (filed under Seal); *see also* Dkt. 28.) On July 29, Smart Communications filed its opposition to Defendants' Motion for Leave to Amend. (Dkt. 84.)

On July 20 and 21, 2021, Defendants served three Rule 45 subpoenas on Carlton Fields and Mr. Giltinan without providing notice to Smart Communications and without any indication that the subpoenas were in fact served. We further learned that Defendants have also been negotiating with Carlton Fields and Mr. Giltinan

regarding the production of documents and potential depositions dates without informing or including Smart Communications in those communications.

In fact, Smart Communications did not learn that any subpoenas had been served until August 3, 2021—two weeks after they were served—when ***Carlton Fields emailed Defendants and copied Plaintiff*** to confirm that Defendants' counsel had granted a ten-day extension for Carlton Fields to respond to the Carlton Fields document subpoena and to make Mr. Giltinan available for deposition. Immediately, Smart Communications contacted Defendants' counsel and requested that they withdraw the improper subpoenas. On August 5, 2021, Carlton Fields provided Plaintiff with a copy of three subpoenas received which noticed multiple depositions for August 18 and demanded documents be produced by August 2.[1] The as-served subpoenas differ in some respects, including the noticed deposition dates, from the drafts Defendants previously sent to Plaintiff.

Smart Communications seeks an order quashing the subpoenas to Carlton Fields, P.A., and William G. Giltinan and requests the Court issue a protective order in favor of these third parties from discovery sought by Defendants. The proposed relief is appropriate here for multiple reasons. As an initial matter Defendants did not satisfy the notice requirements of Rule 45 of the Federal Rules of Civil Procedure. Defendants failed to provide Smart Communications with a notice of service and a copy of each subpoena served on these third parties. Defendants' failure to do so here is especially troublesome given the fact that counsel for Smart Communications informed Defendants' counsel that they did not represent Carlton Fields or Mr. Giltinan and could not accept service only two days prior to their service. Even worse, Defendants knew that Smart Communications intended to assert that the documents and information sought by the subpoenas were protected by privilege; yet, Defendants served the subpoenas and negotiated the production of documents and deposition dates without providing notice to Smart Communications. Giving an opposing party the opportunity to object and assert its privilege is one of the core reasons Rule 45 requires a party to provide notice of subpoenas served on third parties.

---

[1] It is Smart Communications' understanding that Defendants agreed to extend the deadline to produce documents until August 12, 2021.

August 9, 2021
Page 4

In addition to the violating Rule 45, the subpoenas are also substantively improper. The Federal Rules of Civil Procedure permit the discovery only of "matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The discovery sought in the subpoenas here is both privileged and not relevant to any claim or defense in this case.

First, the subpoenas are wholly improper because they expressly seek protected information related to the prosecution of the Asserted Patent before the United States Patent and Trademark Office. The third parties subpoenaed by Defendants served as patent prosecution counsel for Smart Communications and, by virtue of these attorney-client relationships, any testimony regarding attorney-client communications or attorney analysis regarding prosecution of any patent applications and the Asserted Patent is protected by the attorney-client privilege. Furthermore, the Asserted Patent's prosecution file history is publicly available and was already produced by Smart Communications to Defendants.

The Federal Circuit has concluded that communications and materials relating to patent prosecution strategies during the prosecution of a patent application are protected by the attorney-client privilege and work-product protections even though those communications and materials may reflect underlying factual information. *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805-806 (Fed. Cir. 2000). Additionally, district courts routinely quash subpoenas seeking documents and testimony from an attorney who was involved in the prosecution of the patent-in-suit, recognizing that the benefit of a prosecuting attorneys' deposition is outweighed by the risk of disclosure of privileged information during a live deposition.[2]

Even if the discovery sought in these subpoenas were not privileged, Defendants cannot show that it is relevant to any claim or defense presently in this case. Under well-settled Federal Circuit law, only the publicly-available patent file history—and not prosecuting attorney testimony—is relevant to Defendants' prosecution history estoppel defense. "[O]nly the public record of the patent prosecution, the prosecution history, can be a basis for" finding prosecution history

---

[2] *See, e.g., Bales v. Quest USA Corp.*, No. 18-mc-222, 2019 WL 1454696, at *1-2 (D. Colo. Apr. 2, 2019); *Sterne Kessler Goldstein & Fox, PLLC v. Eastman Kodak Co.*, 276 F.R.D. 376, 385 (D.D.C. 2011).

estoppel. *Pioneer Magnetics, Inc. v. Micro Linear Corp.*, 330 F.3d 1352, 1356 (Fed. Cir. 2003). Likewise, as a prosecuting attorney's personal views on issues of prior art, validity, and claim construction are irrelevant,[3] Defendants cannot justify the burden of taking their deposition.

Defendants may argue that the discovery sought is relevant because they have filed a motion to amend their answer to include a claim of inequitable conduct.[4] But inequitable conduct is presently not an issue in this case, it may never become an issue in this case, and the Court has not ruled on Defendants' motion, which was opposed. In fact, the briefing on Defendants' motion is not complete—absent an extension, Defendants' reply brief is not due until August 12. Moreover, in their motion to amend their answer, Defendants represented to the Court that "Defendants' proposed amendment will not require 'additional discovery, cost, and preparation' on the part of Plaintiff." *See* Dkt. 76 at Ex. A at 16-17.

Even if Defendants could overcome the other hurdles described herein that render them improper, the subpoenas are premature until the Court addresses Defendants' motion to amend. Where there is no inequitable conduct charge at issue, depositions of attorneys who prosecuted the patent-in-suit are not proper and will not yield relevant information. *See, e.g., ResQNet.com, Inc. v. Lansa, Inc.,* No. 01 Civ. 3578, 2004 WL 1627170, at *4 (S.D.N.Y. July 1, 2004) (finding that when the plaintiff had not pled inequitable conduct, the plaintiff was not entitled to oppose plaintiffs' counsel on the topic of inequitable conduct). As the Court in *ResQNet* observed: "The prosecution histories speak for themselves, and the relevant inquiry in terms of prior art and claim construction is how one of ordinary skill in the art would interpret and understand those prosecution histories." *Id*. at *5.

On the July 15 call, the parties made a good faith effort to resolve the dispute, however, were unable to do so as Plaintiff made its objections to the subpoenas clear, and Defendants later chose to serve altered versions of them anyway without notice to Plaintiff or indication that they had served them.

---

[3] *See*, *e.g., Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1585 (Fed. Cir. 1996)); *Markman v. Westview Instruments Inc.*, 53 F.3d 967, 983 (Fed. Cir. 1995).
[4] Dkt. 76, Ex. B.

August 9, 2021
Page 6

      For the reasons set forth above, Smart Communications requests that the Court hold a telephonic conference prior to August 12, 2021, to address its request to quash the three subpoenas improperly served by Defendants on Carlton Fields and Mr. Giltinan and enter a protective order preventing Defendants from seeking related discovery in the future. If the Court is unable to address this issue prior to the August 12, 2021, Smart Communications requests that the Court enter a temporary protective order relieving the subpoenaed third parties of their duty to respond and be deposed until the Court has an opportunity to rule on its requests to quash the subpoenas and for a protective order.

      Respectfully,

      /s/ Kevin P. Flynn


      *Counsel for HLFIP Holding, Inc. d/b/a Smart Communications IP Holdings*

August 9, 2021
Page 7

## **CERTIFICATE OF SERVICE**

I certify that on August 9, 2021, a true and correct copy of the foregoing discovery letter was electronically filed with the Clerk of Court using the CM/ECF system, which sends notification of such filing to all counsel of record.

                                                                */s/ Kevin Flynn*
                                                                Kevin P. Flynn